## SHRADER v. WALKER, ADM'R, ET AL.

1. A bill to enjoin a judgment, should be filed in a Court of Chancery of the county in which the judgment was obtained, and cannot be exhibited elsewhere, unless the party interested in the recovery at law, will allow the litigation to be had in another county. If such bill be filed in an improper county, it may be dismissed on defendant's motion.

2. *Semble :* A sheriff is not a necessary, or proper party, to a bill for an injunction, merely because he has in his hands the execution sought to be enjoined.

Writ of Error to the Court of Chancery sitting in Shelby.

THE defendant in error, as the administrator of Agnus Black, recovered a judgment against James Clark, in the Circuit Court of Benton ; Clark filed his bill in the Chancery Court, which was then holden at Talladega, for the county of Benton among others,

*obtained* an injunction, and gave a bond for the prosecution of the same, which was deposited with the Register of that Court, to which the name of the plaintiff in error was subscribed, as one of the sureties. It is alledged that the bill of Clark, upon a reorganization of the Chancery districts, was, together with all the papers in that cause, transferred to the Chancery Court of Benton, and there finally disposed of, by dissolving the injunction, and dismissing the bill with six per cent. damages, and costs, and execution ordered to issue against the complainant therein, and all whose names appear to the injunction bond, as his sureties.

An execution was accordingly issued, against the plaintiff in error, with the other obligors in the bond, and delivered to the sheriff of Shelby, (in which county the plaintiff resides,) to enjoin which he obtained an order, gave bond with surety, for the successful prosecution of the injunction, and filed his bill in the Chancery Court of Shelby. The ground of equity set up, is, that the complainant's name was forged to the bond as Clark's surety, and that he was ignorant of the forgery, until the sheriff of Shelby demanded the money of him upon the execution. The defendants to the bill are, T. A. Walker, John Griffin, and Jas. W. Poe, of Benton, the two latter of whom were sureties in the injunction bond, James Clark, who has removed from this State, the Register of the Chancery Court of Talladega, and the sheriff of Shelby.

The bill was dismissed by the Chancellor, upon defendant's motion, on the ground that it should have been filed in Benton.

W. P. CHILTON, for the plaintiff in error. The bill has equity. [5 Ala. Rep. 65; 6 id. 492; 12 Wheat. Rep. 64.]

T. A. WALKER, for the defendants, insisted that the bill was properly dismissed; that if it contains equity, it should have been filed in Benton. [Story's Eq. Plead. 487-8-9; 1 J. J. Marsh. Rep. 474-5-6; 4 id. 407-8-9; 2 Litt Rep. 86; 1 Dana's Rep. 109.]

COLLIER, C. J.—The act of December, 1841, divides the State into forty Chancery districts, and provides that all causes pending in the Chancery Courts, at the time of its passage, shall, on the application of either complainant or defendant, be trans-

ferred to the district in which the defendant resides, &c. *Provided*, That it shall be lawful for all causes now pending in any Chancery Court, to be and continue in such Court, and be there disposed of, in the same manner as they would have been, if this act had not been passed ; unless an order be made for their transfer to some other Court, as is herein above provided for." [Clay's Dig. 344, § 2, 348, § 11.] This enactment very clearly indicates that it is not allowable to bring suits in Chancery, in any county where it may suit the inclination, or interest, of the complainant to file his bill, without reference to its subject matter, or the residence of the defendant. The chief object to be effected by dividing the State into so many districts, was to make the administration of justice as little oppressive as possible, by bringing the Court near to the residence of the suitor. So strongly was this object impressed upon the legislature, that the law was not left to operate prospectively, but it was provided, as we have seen, that suits then pending, might, upon the application of either party, be transferred to the county of the defendant's residence.

It clearly results, from the act cited, that the suit could not be prosecuted in Shelby, without the assent of Walker, the principal defendant. The sheriff of that county is improperly made a party—it. is not pretended that he has an interest in the controversy, or is in any manner connected with it, except as an executive officer, he was required to make the money on the execution.

The question then, is, should this case have been transferred to Benton, instead of being dismissed. If it was instituted in a county in which the Court could not take jurisdiction of it against the consent of the parties, we cannot see how it could have transferred it without the same consent. The bill was filed a year or two after the act of 1841 was passed ; and independent of its provisions, was not, perhaps, exhibited in the proper court ; but the spirit and intention of the act, if not its terms, put this question beyond serious controversy.

The case of Lemaster v. Lain, 1 Dana's Rep. 109, is a direct authority in point, and shows that a bill to enjoin a judgment at law, must be filed in the Chancery Court of the county in which the judgment was rendered. This has been the practice in this State, ever since the organization of our courts, and we think rests upon sound principle. If the law were otherwise, suitors

might be put to great inconvenience, by being compelled to defend bills for injunction in one extreme of the State, when the judgment enjoined was rendered in the other.

Let the decree of the Chancellor be affirmed.