## JOHNSTON *vs.* SHAW.

[BILL IN EQUITY FOR DIVESTITURE OF TITLE TO LAND.]

1. *Where bill may be filed.*—Section 2875 of the Code authorizes a bill in chancery to be filed "in the district where the subject of the suit or any portion of the same is," only when all the defendants are non-residents.
2. *Objection to jurisdiction of court.*—If adult defendants answer, without objecting to the jurisdiction of the court in which the bill is filed, or if a decree *pro confesso* is entered against them for want of an answer, this amounts to a waiver of the want of jurisdiction; yet, where there are infant defendants, who answer by their guardian *ad litem*, the court may, *ex mero motu*, dismiss the bill for want of jurisdiction.

APPEAL from the Chancery Court of Greene.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by the appellant, against the heirs-at-law of Benjamin Dorman and Franklin Shaw, late partners, both deceased; and sought to obtain a divestiture of the legal title to a house and lot in the town of Greensboro', which the complainant and his late partner had purchased from the firm of Dorman & Shaw. The heirs of Shaw were non-residents; while the other defendants, two of whom were minors when the bill was filed, resided in Mobile. A guardian *ad litem* was appointed for the infant defendants, and filed a formal answer for them. Decrees *pro confesso* were entered against all the other defendants: against the residents, on personal service; and against the non-residents, on proof of publication. On final hearing, on pleadings and proof, the chancellor dismissed the bill for want of jurisdiction, on the ground that it was not filed in the proper district; and his decree is now assigned as error.

J. D. WEBB, and R. F. INGE, for the appellant, contended, 1st, that the statute gave the plaintiff, in such a case as this, an election to file his bill in the county in which the resident defendants resided, or in the county in which the land in controversy was situated; and, 2dly,

that the court could not, *ex mero motu,* dismiss the bill for want of jurisdiction, after decrees *pro confesso* had been entered and answers filed.

No counsel appeared for the appellees.

STONE, J.—Section 2875 of the Code defines the proper district in which chancery suits shall be brought, in most (if not all) the cases within the jurisdiction of that court. That section is subdivided into several clauses; and we think it is our duty to assign to each clause, except perhaps the second, a separate field of operation. This will lead to harmony of construction, prevent collision between the several provisions, and lay down a clear rule for each and every case as it may arise. The second clause is an exception · to a general rule declared in the first clause.

Under this construction, we hold, that the expression, "in case of non-residents," must be understood as meaning, *in cases where all the defendants are non-residents.* The declared rule in such cases, which requires that the suit shall be brought "in the district where the subject of the suit, or any portion of the same, is," is *the rule* prescribed for cases in which all the defendants are non-residents, and has no application whatever to suits against two or more defendants, a part of whom are residents, and the others non-residents.

Under this rule, it is clear that this suit was not brought in the proper district, and the bill should have been dismissed, if either of the defendants had properly moved therefor. Had the chancellor authority to dismiss it, no one having applied for such order?

We concede, that in cases against adult defendants, a contempt in failing to answer, or an answer without raising the question of jurisdiction, would be regarded as a waiver of an objection like this.—Harrison v. Harrison, 20 Ala. 629, 647; Danl. Ch. Pr. 715; Byrd v. McDaniel, 26 Ala. 582; 2 Bouv. Bac. Abr. 618; Freeman v. McBroom, 11 Ala. 943; Br. Bank v. Rutledge, 13 Ala. 196. When, however, it appears on the face of the bill that the particular

court had not jurisdiction of the person of the defendant, such bill may be dismissed on motion.—Porter v. Worthington, 14 Ala. 584; Shrader v. Walker, 8 Ala. 244; Br. Bank v. Rutledge, 13 Ala. 196.

In the present case, there are infant defendants. True, their guardian *ad litem* has answered, without raising this objection; and there has been no motion to dismiss the bill. The rule is, however, that infants cannot forfeit their rights by waiver, and neither they, nor any other person, can make a valid consent for them, unless the consent be promotive of their interest.—1 Dan. Ch. Pr. 95, 215; 2 *ib.* 980; Wilkinson v. Parish, 3 Paige, 653; Johnson v. Farnsworth, 6 Ala. 443, 451.

In the case of Clark v. Gilmer, 28 Ala. 265, the record showed that five of the defendants were non-residents and infants. The copy of the order of publication, which the rule required to be forwarded to their mother, with whom they lived, was misdirected to Elizabeth, instead of Mary A. Lewis, her true name. We held the appointment of the guardian *ad litem* irregular, and, on that account, reversed the chancellor's decree. Speaking of this error, we said: "It is proper to say, that the error for which the decree is reversed, is one which escaped the notice of the solicitors and the chancellor, and was not even noticed by the counsel on the argument in this court. But, as it is an error to the prejudice of infants, and we see it on the record, and the assigment of errors is broad enough to embrace it, we cannot pass it over, nor allow the decree to stand."—Walker's Ch. 200; Sanford v. Granger, 12 Barb. Sup. Ct. 392.

The above extract is in point, to show that it is the duty of courts of chancery, *ex mero motu*, to grant relief to infants, which adults could only obtain on motion for that purpose.

The decree of the chancellor is affirmed.