# Waddell, Adm'r, v. Lanier and Hopkins.

## Bill in Equity to set Aside Deed, &c.

1. *Revised Code, § 3326 of; construed.*—Under § 3326 of the Revised Code, prior to the amendment of the act of March, 1873, a bill filed against defendants residing in this State, must be filed in the court of the district in which they reside, if they all reside in the same district; but, if some reside in one and some in another district, then the bill must be filed in the district in which a "material defendant" resides; a party is a "material defendant" within the meaning of the rule, whose interest is antagonistic to complainant's, and against whom relief is prayed.

2. *Same.*—If the only "material defendants," as thus defined, reside out of the State, then the bill is properly filed in the district in which any other proper defendant resides.

3. *Same.*—An heir at law is a necessary party to a bill filed by the administrator of the intestate ancestor, to vacate and annul (on the ground of fraud and undue influence) a deed of lands and personalty made by the intestate, and for a discovery from the grantee; and where the grantee is non-resident, the chancery court of the district in which the heir resides, has jurisdiction of a bill there filed against her and such non-resident grantee, if there are no other parties, having more material interests than the heir, resident in some other district of the State.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM.

The facts are sufficiently stated in the opinion.

G. D. & G. W. HOOPER, for appellant.

W. H. DENSON, *contra.*

MANNING, J.—A bill in chancery "must be filed in the district in which the defendants, or a material defendant resides, . . . . and in case of non-residents, in the district where the subject of the suit or any portion of the same is, where the cause of action arose, or the act on which the suit is predicated was to be performed, or, if *real estate be the subject matter of the suit, then in the county where the same or a material portion thereof is situated."—Rev. Code, § 3326, as amended by act No. 70, of March 17, 1873.

This section was construed in *Johnson v. Shaw*, 31 Ala. 592, in which it was held that the first clause declared a general rule, and the subsequent one an exception thereto; and that it was only in case when all the defendants are non-residents

that the suit should be brought in any other district than that in which a resident defendant lives.

Lanier is a non-resident; Mrs. Hopkins resides in Russell county, and this suit was brought in the chancery court of that county, and was dismissed on demurrer for that cause, on the ground that Mrs. Hopkins was not a material defendant, against whom a decree was prayed for or could be rendered, and because the real estate, which was in part the subject of the suit, was situated in Chambers county, and the deed, which is sought to be set aside, was executed there, and the grantor died in the same county, and his estate was therein administered on.

The latter facts are admitted to be true, and the question remaining to be answered is, whether or not Mrs. Hopkins is such a defendant as may be sued in the district of her residence.

The suit is brought by Waddell as administrator of the estate of Ann Campbell, deceased, and the chief object of it is to set aside a deed made by the latter in July, 1872, whereby, in consideration of ten dollars and "of her esteem, friendship and affection" to defendant, E. F. Lanier, she gave, granted and conveyed to him "all of her estate, real and personal, lying in said State of Alabama, to-wit," (then describing a number of parcels of land,) "lying and being in the said county of Chambers and State of Alabama : to have and to hold the said lands unto the said E. F. Lanier, his heirs and assigns forever in fee simple." Which deed, it is averred, was obtained by said Lanier by fraud and undue influence over the grantor, Mrs. Campbell. The bill prays, also, for a discovery from Lanier of all the moneys, notes, title papers, &c., which belonged to Mrs. Campbell. Mrs. Hopkins, the defendant, is an heir at law, and is supposed to be the only heir at law of Mrs. Campbell, and distributee of her estate.

If the deed be set aside, the title to the land is vested in Mrs. Hopkins. It will go to her subject to such power over it as the law confers on complainant for the purposes of the administration. She is, therefore, directly and specially concerned in both the subject matter and the litigation. And if she did not choose to be a co-plaintiff in this cause, it was proper to make her a defendant. For "the general rule in courts of equity, as to parties, is, that all persons materially interested in the subject matter ought to be made parties to the suit, either as plaintiffs or as defendants, however numerous they may be, in order, not only that complete justice may be done, but that multiplicity of suits may be prevented."—Sto. Eq. Pl. § 76 a. And, according to Sir William

Grant, in *Wilkins v. Fry*, (1 Mer. 262) "in equity it is sufficient that all parties interested in the subject of the suit should be before the court, either in the shape of plaintiffs or of defendants."—See, further, Sto. Eq. Pl. §§ 72, 73.

Mrs. Hopkins is, according to the authorities, a necessary party, though not one against whom a decree is prayed for, or can, in this cause, be rendered. There is no other defendant, who resides in this State, except one Randle, whom the amendment to the original bill made a party defendant as administrator of the estate of James Campbell, deceased, who was the husband of Ann Campbell, and died before her. Mr. Randle seems a much less material party to the cause than Mrs. Hopkins, and no decree is prayed against him, nor does it expressly appear in what county he resides.

The true meaning of section 3326, *(supra)*, without the amendment of it, so far as it concerns this case, is that a bill filed against defendants residing in this State, must be filed in the court of the district in which they reside, if they all reside in the same district; but if some reside in one and some in another district, then the bill must be filed in a district in which a "material defendant" resides; and, as decided in *Lewis v. Elrod*, (38 Ala. 17), he is a material defendant within the meaning of this section, whose interest is antagonistic to complainants, and against whom relief is prayed. But, if the only material defendants, as thus defined, reside out of the State, beyond the reach of the process of its courts, then a bill is properly filed in the district in which any other proper defendant resides. These provisions of the section construed are not changed by the act amending it.

We do not decide that if the suit had been brought in the chancery court of Chambers county, where the land is situated, it would not, under the amending act of March, 1873, have been well brought. The statute was probably intended by the legislature to authorize this, but it does not require it to be done.

Decree of the court below reversed, and cause remanded.