# Jones v. Jones.

*Sale of Property for Partition among Joint Tenants.*

1. *Premature hearing of petition.*—In a statutory proceeding before the Probate Court, for the sale of property for partition among joint tenants or tenants in common (Rev. Code, §§ 3120-25), it is irregular and erroneous to hear and render a decree on the petition within thirty days after it is filed.

2. *Waiver of irregularities, where infants are parties.*—Where infants are parties defendant to such statutory proceeding, their rights are neither waived nor prejudiced by the failure of their guardian *ad litem* to object to the premature hearing of the petition, nor by the failure to sever from the adult defendants in assigning errors.

APPEAL from the Probate Court of Lee.

In the matter of the petition of William A. M. Jones, James G. Jones, and John C. Jones, for the sale of certain property, real and personal, for the purpose of making an equitable division or partition among themselves and the

[Jones v. Jones.]

other joint owners, several of whom were infants. The petition was filed on the 9th September, 1873, and was set for hearing on the 6th October; and on that day, a decree was rendered, ordering a sale as prayed, and appointing commissioners to conduct it. The decree recites that no one appeared to contest the petition, except the guardian *ad litem* of the infant defendants, and the attorney of Thomas J. Stevens and wife; but the record does not show what objections, if any, were urged against it. The appeal is sued out by Thomas A. Jones, one of the adult defendants, in the name of all the defendants, and all jointly assign as error that the decree was prematurely rendered.

H. C. LINDSEY, for appellants.

WM. H. BARNES, *contra.*

STONE, J.—It is the duty of all courts to guard and protect the rights of infants, and not to hold them estopped by a mere failure to observe technical rules. Matters pertaining to jurisdiction are not among the questions which infants may waive or lose, either by the failure of their guardian *ad litem* to raise the objection in the court below, or by any apparent mispleading by counsel in the cause.—*Johnston v. Shaw,* 31 Ala. 592.

Partition, in the Probate Court, is a proceeding of purely statutory creation. When a proper petition is filed, it is the duty of the Probate Court to take jurisdiction, and "appoint a day for the hearing of the same, not less than thirty days from its filing." The record in this case shows, that the day appointed for the hearing—the day on which the order of sale was granted—was only twenty-seven days from the day of filing the petition. This was an irregularity and error, which was not waived by the failure of the guardian *ad litem* to object in the court below.—Rev. Code, § 3121. Nor is it waived here by a failure to sever in the assignment of error.

Reversed and remanded.