## HARDIN & SONS v. THE IOWA RAILWAY AND CONSTRUCTION COMPANY *et al.*

1.  **Continuance:** TO TAKE EVIDENCE: NEGLIGENT DELAY. Where ample time has been given a defendant to take evidence, a continuance asked for that purpose is properly denied.

2.  **Evidence:** AS TO ORAL AGREEMENTS OF COUNSEL. Disputes as to oral agreements of counsel cannot be settled by their affidavits. Agreements of counsel can be proved only in the manner prescribed by Code, section 213.

3.  **Corporations:** MEETINGS: NOTICE: PRESUMPTION. Where the directors of a corporation meet and take official action, one who claims that such action is invalid for want of proper notice of the meeting has the burden to prove his claim.

4.  ———: AUTHORITY TO EXECUTE NOTE: ATTORNEY-FEE CLAUSE NOT INCLUDED. Where the directors of a corporation gave authority to its president and secretary to execute a note for a certain sum and interest, *held* that the insertion of an attorney-fee clause in the note was in excess of the authority given, and did not bind the corporation.

5.  **Foreclosure:** DECREE: ORDER OF SALE: UNWARRANTED RESERVATION. In an action to foreclose certain trust deeds and a chattel mortgage and the defendants' interest in certain bonds pledged as security, *held* that the court properly ordered that the defendants should have the right to determine the order in which the several items of the property should be sold; but where the defendants' railroad crossed some of the tracts conveyed by the trust deeds, and there was no reservation of a right of way, and defendants' title to the right of way was not shown to be superior to the trust deeds, it was error to order that the sale of the land should be subject to defendants' right of way.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, Judge.

FILED, OCTOBER 30, 1889.

THIS is an action upon a promissory note executed by the defendant the Iowa Railway and Construction Company to the plaintiffs, and to foreclose certain trust deeds upon real estate, and a chattel mortgage, and to appropriate and foreclose the right of the defendants in certain railroad bonds, all of which are held by the plaintiffs to secure the payment of the note. There was a decree for the plaintiffs, from which they appeal, and the defendants also appeal.

*H. L. Huff*, for plaintiffs.

*John Porter* and *C. E. Albrook*, for defendants.

ROTHROCK, J.—I. The appeal of the defendants will first be considered. They complain that a motion

1. CONTINUANCE: to take evidence: negligent delay. for a continuance made by defendants was improperly and erroneously overruled by the court. This objection, it appears to us, cannot be sustained. The continuance was asked to enable the defendants to take additional evidence. The record shows that the court was authorized in holding that ample time had been given for that purpose.

II. Next it is claimed that the court erred in suppressing certain depositions of witnesses taken by the

2. EVIDENCE: as to oral agreements of counsel. defendants. These depositions were taken upon notice that was both insufficient, as having been served upon a clerk or employe of plaintiffs, and as not having been served a sufficient time before the depositions were taken. On this objection, as well as upon the question as to the continuance, we are invited to a perusal of a number of affidavits of counsel as to oral agreements and understandings between them touching the taking of the evidence and the management of the case. It is scarcely necessary to say that these affidavits must be disregarded, at least so far as they are in conflict. Code, sec. 213.

III. Both of the defendants are corporations, and, as the names indicate, they are railroad companies.

As is usual when the building of a railroad is in contemplation, two companies were formed. One was the railroad company proper; that is, the projector of the enterprise. The other was the railroad construction company. The construction company undertook to build the railroad for a certain amount of the stock and bonds of the railroad company. But stock and bonds are not in and of themselves available for procuring right of way and iron, and making roadbed, and building bridges, and furnishing materials necessary to construct a railroad. It requires money. The plaintiffs are bankers, and they advanced money to the construction company, and it gave the note in suit for the money, and also gave, or caused to be given, the securities now sought to be foreclosed. Among other objections raised by defendants to the decree, it is claimed that the president and secretary were not authorized to execute the note. This claim is not well founded. It appears that the execution of the note was expressly authorized at a meeting of the board of directors of the corporation. It is claimed that it does

3. CORPORATIONS: meetings: notice: presumption. not appear that there was any notice to the directors that a meeting would be held. If this was material, it was for the defendants to show that there was no notice. The record shows that they met and took official action, and it should be presumed that they were rightfully in session. The chattel mortgage given as security for the debt was upon certain rolling stock or cars. It is claimed the mortgage is void because the rolling stock was not the property of the construction company when the mortgage was executed. We do not think this claim is well founded. The contract between the companies required that the road should be finished, and turned over to the railroad company. The evidence shows that the title to the property had not passed. The construction company was in possession of the road, and operating it, when the mortgage was given. We discover no ground for reversing the decree upon the defendants' appeal.

IV. The plaintiffs complain of the decree because the court refused to allow an attorney's fee for the collection of the note. It contained a stipulation for an attorney's fee if collected by an attorney, by suit or otherwise. The learned judge who presided at the hearing must have been of opinion that the president and secretary of the company who executed the note were not authorized to contract for an attorney's fee. The authority given by the board of directors to execute the note was in these words:

*4. ——: authority to execute note: attorney-fee clause not included.*

"ELDORA, IOWA, December 30, 1884.

Moved by Moorman that the president and secretary of the company be, and they are hereby, authorized to execute to the City Bank, or C. Hardin & Sons, of Eldora, this company's note for nine thousand dollars, and a chattel mortgage upon the rolling stock of this company, to secure payment of the same due March 1, 1885, at ten per cent. interest, being for advances heretofore made, with interest, as well as for one thousand dollars additional to be advanced. Motion carried."

This was an explicit direction to execute a note for nine thousand dollars and interest, and no more. The company did not, by any official action, authorize the execution of a note in any amount exceeding said sum in any event. We think the court correctly held that the measure of liability was nine thousand dollars and interest.

V. In providing for the sale of the property under the decree, the court made the following order, and entered it as part of the decree: "The sale of any real estate under this decree shall be made subject to the right of way of the Chicago, Iowa and Dakota Railway Company, one hundred feet in width, so far as such premises are now occupied and used for the purpose of such right of way; and defendants shall have the right, if they so elect, to determine the order in which the several items of property hereinbefore referred to shall be offered for sale. To all which both parties except." It is urged

*5. FORECLOSURE: decree: order of sale: unwarranted reservation.*

that the order, in so far as it provided for a sale subject to the right of way of the defendant, the Chicago, Iowa and Dakota Railroad Company, is erroneous. It appears to be conceded that the railroad runs across some of the tracts of land against which the decree operates; but in the deeds for the land, and the trust created therein, no exception is made, and there is nothing in the record from which it can be ascertained why this order was made. We do not think the court was authorized, from the record and evidence, to make the order complained of. If the railroad company held its right of way by a title superior to the trust deeds, it should have made some showing of that fact. So far as appears from this record, it has no right of way through the lands. That part of the above order which gives the defendants the right to elect as to the order of sale of the property will be affirmed, and as to the order excepting the right of way from the foreclosure sale the decree will be reversed. In all other respects the cause will be

AFFIRMED.