(88 South. 527)

**J. H. SCRUGGS CONST. CO. et al. v. COOSA COUNTY.   (5 Div. 757).**

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

**1. Cancellation of instruments ⟨≡⟩10 — County may sue in equity to cancel warrants issued to contractor though remedy exists on bond.**

A county may sue for cancellation of warrants, or a part of them, where the defense is as to a part, against the payee or the assignee of the warrants, although they were issued to a contractor who gave bond for the performance of his contract, and the county may have a remedy at law on the bond.

**2. Cancellation of instruments ⟨≡⟩35(3)—Assignor of warrants held proper, but not necessary, party in a suit to cancel.**

In a suit by a county to cancel warrants, the assignor of warrants who retained no interest in them is a proper party, but not a necessary party.

**3. Venue ⟨≡⟩22(3) — Filing of bill in district where proper defendant resides held correct; "material defendant."**

Though Code 1907, § 3093, provides that a "bill must be filed in the district in which a material defendant resides," a bill may be filed in the district in which a proper defendant resides when no material defendant resides within the state; a "material defendant" being one who is a necessary party.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Material Defendant.]

**4. Venue ⟨≡⟩22(3) — Depository of warrants held, for purpose of venue, proper party in suit to cancel.**

In suit to cancel warrants issued by a county, the depository of the county is a proper party, although not a necessary party, and when brought in gives venue to the county of its residence.

Appeal from Circuit Court, Coosa County; B. J. Garrison, Judge.

Bill by Coosa County against the J. H. Scruggs Construction Company and others to require the delivery of a sufficient number of warrants to cover damages sustained in the faulty construction of a concrete bridge, or to cancel and annul said warrant. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill alleges that the J. H. Scruggs Construction Company entered into a contract with Coosa county to construct a reinforced concrete bridge over and across a certain creek in Coosa county for which certain interest-bearing warrants were issued by Coosa county and delivered as payment for the construction of said bridge. The bill also alleges the plans and specifications under which the bridge was agreed to be erected, and sets out specifically the departure from said plans and specifications because of which the bridge is sinking, and liable at the next rise of the water to crumble and fall. The bill alleges insolvency of the J. H. Scruggs Construction Company, and that W. L. Slayton & Co. are the owners of the warrants by absolute transfer and sale from the J. H. Scruggs Construction Company.

David J. Davis, of Birmingham, and G. W. L. Smith, of Brewton, for appellants.

The bill was filed in the wrong district. Section 3093, Code 1907. The bank was not a proper party. 88 Ala. 533, 7 South. 236; 106 Ala. 615, 17 South. 618; 202 Ala. 235, 80 South. 73. The court must assume that the proper bond was given. Gen. Acts 1915, p. 575. Slaton & Co. were not brought in properly. Rule 22, Chan. Prac.; sections 3104 and 5184, Code 1907; 88 Ala. 533, 7 South. 236; 113 Ala. 420, 21 South. 928; Town of Carbon Hill v. Marks, 204 Ala. 622, 86 South. 903.

Felix L. Smith & Son, of Rockford, for appellee.

The bank was a necessary party. Sections 211–213, 218, Code 1907. The venue was properly laid in Coosa county. Section 3093, Code 1907; 192 Ala. 150, 68 South. 303; 200 Ala. 396, 76 South. 312. The bill contained equity. 168 Ala. 432, 53 South. 196.

SOMERVILLE, J. [1] It must be held as settled law in this state that, when county warrants have been issued—

"and any just defense exists against the claim which they evidence, the county may maintain a bill in equity for their cancellation." Com'rs' Court v. Moore, 53 Ala. 25; Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 17 South. 112; Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 South. 196.

In those cases the bills were filed against the payees of the warrants, but the county may assert the same equitable right against an assignee. And so the right of cancellation may be directed against a part of the bonds, where the defense is partial, as well as against the whole issue. Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 581, 17 South. 112.

The jurisdiction of equity in such cases is not rested upon the insolvency of the defendant and his inability to respond in damages; hence the fact that the payee contractor gave a bond with sureties for the faithful performance of his contract, as required by the Act of September 22, 1915 (Acts 1915, p. 575, § 8)—conceding, without deciding, that we must presume its existence, and judicially notice it—and that the county has a remedy at law on such bond, does not impair the independent jurisdiction of equity in the premises. The bill here exhibited contains equity, and is not subject to the general demurrer.

[2] So far as the equity and prayer of the bill are concerned, it seems clear that the only material defendants are W. L. Slayton & Co., who are residents of Toledo, Ohio, since their interests and rights alone are to be affected by the decree.

"When, in a court of equity, the cause or subject of controversy is a legal chose in action which has been assigned, the assignor, if the legal title remains in him, or if the assignment is not absolute and unconditional, or if its extent or validity is disputed, must be made a party, that he may be bound by the decree, and future litigation or a multiplicity of suits prevented." Broughton v. Mitchell, 64 Ala. 210. Where none of those conditions exist, "he is a proper party, because of his connection with the subject-matter of suit and the privity of contract existing between him and the assignee, and the party bound by the chose in action." Id.

It appears that the assignment of these warrants by the J. H. Scruggs Construction Company was absolute and complete, and it must be concluded that that company is not a necessary party, since no relief is prayed against it, though it is unquestionably a proper party.

[3] Section 3093 of the Code provides that "the bill must be filed in the district in which * * * a material defendant resides;" but it is held that, when no material defendant resides within the state, the bill may be filed in any district wherein a proper defendant resides. Waddell v. Lanier, 54 Ala. 440. A material defendant, within the meaning of the statute, is one who is a necessary party. Harwell v. Lehman & Co., 72 Ala. 344.

[4] If, therefore, it be conceded that the Bank of Rockford, which is the depository of Coosa county, is not, for the essential purposes of the bill, a necessary party, yet it is clearly a proper party, whose bringing in as such gave the venue of the cause to the county of its residence. The fact, if so, that the bank was made a party in order to obviate any valid objection to the venue, cannot be regarded as material, and cannot nullify the legal effect of its presence in the cause as a proper defendant.

We therefore hold that the demurrers to the bill were properly overruled, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.