(96 South. 620)

## TALLASSEE OIL & FERTILIZER CO. v. ROYAL et al. (5 Div. 811.)

(Supreme Court of Alabama. May 10, 1923.)

1. Corporations ⬷477(8)—Corporation suing to cancel mortgage cannot invoke statute requiring consent of stockholders.

Code 1907, § 3481, subd. 3, providing that real property of a corporation shall not be mortgaged except by consent of persons holding the larger amount of stock present and voting in person or by proxy at the meeting of stockholders called for that purpose, was enacted for the benefit of stockholders only, and a corporation suing to cancel a mortgage duly executed by its authorized officials, being the only complainant, cannot invoke the statute.

2. Trusts ⬷102(1)—Mortgaged property of corporation bought by officials from purchaser at foreclosure subject to constructive trust in favor of corporation. .

Under Code 1907, §§ 5746, 5747, 5749, providing that, where real estate is sold under power of sale in a mortgage, it may be redeemed within two years thereafter, where officers of a corporation bought property mortgaged by the corporation, from the purchaser at a foreclosure sale within the statutory period of redemption, equity will raise a constructive trust in the property in favor of the corporation, and a bill by the corporation asking relief has equity.

3. Equity ⬷148(3)—Bill seeking to cancel mortgage or to redeem property not multifarious.

A bill by a corporation against the purchasers of its property sold at a foreclosure sale, to cancel the mortgage, and in the alternative to redeem the property since conveyed by the purchaser at the foreclosure sale to the corporation's officials individually was not multifarious, since the different inconsistent reliefs asked related to the same property between the same parties, which is permitted in one bill by Code 1907, § 3095.

4. Corporations ⬷482½—Purchaser of property at foreclosure sale held proper party in suit for redemption.

In a suit by a corporation to redeem property sold at a foreclosure sale, where the assignee of a mortgage on the property was also the purchaser at the foreclosure sale, and had sold it to the corporation's officials individually, and was to convey it to them when the purchase price was paid, the purchaser at the foreclosure sale was a proper, if not a necessary party defendant.

Appeal from Circuit Court, Elmore County; Walter B. Jones, Judge.

Bill of the Tallassee Oil & Fertilizer Company against Dora C. Royal and others, for cancellation of a mortgage or redemption. From a decree sustaining demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

F. Loyd Tate, of Wetumpka, for appellant.

The bill has equity as one to declare that the defendant officers of the corporation held their interest in the property as trustees for the corporation. De Bardeleben v. Bessemer Land & Imp. Co., 140 Ala. 621, 37 South. 511; Lagarde v. Anniston Lime & Stone Co., 126 Ala. 496, 28 South. 199.

Holley & Milner, of Wetumpka, for appellees.

A corporate trustee may acquire for his own benefit the title of the purchaser of the corporate property at a foreclosure sale. Rutgers Female College, 2 Misc. Rep. 561, 24 N. Y. Supp. 771; 12 Cent. Dig. (Corp.) § 1384; The bill is multifarious. Sims, Ch. Pr. §§ 213, 238–244; Gordon's Adm'r v. Ross, 63 Ala. 363; Hall v. Henderson, 114 Ala. 601, 21 South. 1020, 62 Am. St. Rep. 141.

MILLER, J. The Tallassee Oil & Fertilizer Company, a corporation, files this bill

in equity against Dora C. Royal, J. E. Paulk, W. R. McKenzie, F. L. Bowen, and T. W. Brunson.

Defendants' demurrers to the bill were sustained by the court; and, from the decree rendered, complainant prosecutes this appeal, assigning the decree as error.

The bill seeks to have declared null and void a mortgage executed on January 17, 1914, by the Tallassee Oil & Fertilizer' Company to Frank Stollenwerch to secure the sum of $9,000 on certain lots of real estate owned by it, and on which it had erected a plant consisting of buildings and machinery for ginning cotton and manufacturing certain products of cotton seed. The bill further avers the value of the plant and real estate was not less than $35,000; that the mortgage and debt it secured were duly transferred by Frank Stollenwerch to defendant Dora C. Royal, and that she, under the power of sale therein, duly foreclosed the mortgage on January 4, 1916; at which sale, as permitted and authorized by the mortgage, she became the purchaser of the property at and for the sum of $10,296.48. A foreclosure deed, conveying the property to her, was made by the auctioneer in the name of complainant, the mortgagor, in accordance with the terms and condition of the mortgage. The complainant avers that its president, F. L. Bowen, and T. W. Brunson, its secretary and treasurer, a few days after the foreclosure sale delivered the property to Dora C. Royal, the purchaser.

This mortgage was duly executed to Frank Stollenwerch by complainant through its president, A. W. Herren, and its secretary and treasurer, T. W. Brunson, and was duly attested by one witness and properly acknowledged, as the statute requires, by its officials.

The bill alleges, and complainant claims, this mortgage is null and void and should be so declared, and the foreclosure sale and deed of the property to Dora C. Royal held for naught, because, as it avers, this mortgage to secure this debt of the corporation was executed without the consent of the persons holding the larger amount in value of the capital stock of the corporation present and voting in person or by proxy at a meeting of the stockholders called for that purpose, or at a regular meeting, and that the stockholders have not ratified or confirmed the execution of the mortgage.

[1] This is claimed under section 3481, subd. 3, of the Code of 1907. The principle in that section was enacted for the stockholders' benefit, and is for their protection; they are not complainants in this cause. The corporation is the only complainant, and the corporation cannot invoke the principle of this statute against this mortgage contract, duly executed by its authorized officials. Section 3481, subd. 3, Code 1907; Nelson v. Hubbard, 96 Ala. 238, 11 South. 428, 17 L.

R. A. 375; Stuart v. Holt, 198 Ala. 73–80, headnote 3, 73 South. 390. These grounds alleged in the bill do not entitle complainant to the relief it thereby seeks. Barrett v. Pollak, 108 Ala. 390, 396, 18 South. 615, 54 Am. St. Rep. 172; Stuart v. Holt, 198 Ala. 73, 73 South. 390.

The bill in the alternative seeks to redeem the property under equitable rights on the ground the foreclosure sale under the power in the mortgage was unauthorized as and when made; and that complainant be allowed to redeem it by paying what in equity it should pay on such indebtedness. The complainant, appellant, does not insist in brief that the facts averred in the bill authorized this relief or gave the bill equity, and we will not discuss or consider this phase of it.

[2] Complainant, by the alternative averments of the bill, seeks a different relief; if it cannot have the mortgage and its foreclosure vacated and annulled and be allowed to pay the debt secured by it, then it avers, when the mortgage was foreclosed and the property purchased by Dora C. Royal, that F. L. Bowen was its president, T. W. Brunson was its secretary treasurer, and J. E. Paulk and W. R. McKenzie were directors of the corporation, and continued as such officers until October 1, 1917; that within two years thereafter, on. to wit, July 1, 1917, while said persons (defendants) were officials and directors, as stated, of complainant corporation, Dora C. Royal entered into a contract with said F. L. Bowen, T. W. Brunson, J. E. Paulk, and W. R. McKenzie by which she agreed and promised to sell and convey to them individually this property for a consideration of $15,000, to be paid in installments, and they, with the consent of Dora C. Royal, sold the engine and boiler of the plant for $5,000, which sum was given to her on the purchase price of all the property, and they have with her consent removed all or practically all the machinery from the plant and contracted to sell it for a price sufficient to pay the balance of the purchase money to her, which money is to be paid to her as the final payment on the purchase price for the property conveyed by the mortgage. When this payment is made to Dora C. Royal from the sale of said machinery, the then president, secretary treasurer, and directors of complainant will be entitled under the contract of purchase with her to have conveyed, and she will convey to them individually, the balance of the property described in and conveyed by the mortgage.

Was this a fraud on complainant, committed by its directors and governing members, out of which equity will raise a trust in its favor? This bill was filed December 21, 1917; the mortgage was foreclosed January 4, 1916, and the real estate could be redeemed by complainant within two years thereafter. The complainant under the aver-

ments of the bill had a statutory right of redemption in this real estate when this contract on July 1, 1917, was made by its president, its secretary treasurer, and its directors to purchase individually this property from Dora C. Royal. Sections 5746, 5747, 5749, Code 1907. They were directors and governing officials of complainant when the contract of purchase was made. The statutory right of redemption at that time of complainant in the property was a valuable property right, as, under the averments of the bill, the property was worth $35,000. The mortgage debt and purchase price at the foreclosure sale was $10,296.48. While officials, governing officials of complainant, and while complainant had a valuable right in the property, they individually purchased the property for $15,000 on the installment plan, and have paid or contracted to pay the entire purchase price by selling parts of the property, thereby securing free of liens and debts, for themselves individually, a large part of the property. They removed from the plant the engine, boiler, and machinery, and sold or contracted to sell it before this bill was filed, and within the time allowed by the statute for redemption of the real estate by the complainant. They should have made this purchase contract with Dora C. Royal for the complainant. In purchasing this property individually, while they were president, secretary treasurer, and directors, respectively, of complainant, they breached their fiduciary obligation to the complainant, the corporation, and thereby secured a personal advantage which in fidelity to their trust should have been made for complainant and not for themselves. This equity will not permit. It was a fraud on the corporation, and equity will raise a constructive trust in the property in favor of the corporation. Their contract of purchase from Dora C. Royal, of this property described in the mortgage, will and should inure to the benefit of the corporation, and these vendees will be treated as trustees holding and disposing of the property for the benefit of the corporation, the complainant. This gives equity to the bill of complaint. DeBardeleben v. Bessemer L. & Imp. Co., 140 Ala. 621, 37 South. 511; Lagarde v. Anniston Lime & Stone Co., 126 Ala. 496, 28 South. 199; Kent v. Dean, 128 Ala. 600, 30 South. 543; 39 Cyc. p. 182, § 9.

[3] The bill is not multifarious. True it seeks alternative or inconsistent relief, but these different alternative or inconsistent reliefs desired relate to same property between the same parties, and this is permitted by the statute in one bill. Section 3095, Code 1907.

[4] Dora C. Royal is the assignee of the mortgage, the purchaser of the property at the foreclosure sale, vendor of the property to F. L. Bowen, T. W. Brunson, J. E. Paulk, and W. R. McKenzie, and under the averred facts the entire purchase price has not been fully paid to her. The vendees have contracted with her consent to sell some of the property to secure the money to pay her the balance due for all the property, and she is to convey the property to them when the purchase price is paid. She is interested in the property, the subject-matter of the suit, and is a proper, if not necessary, party defendant to the cause. Harwell v. Lehman, Durr & Co., 72 Ala. 344, 346; Scruggs Const. Co. v. Coosa County, 206 Ala. 137, 89 South. 527; Waddell v. Lanier, 54 Ala. 440.

There is equity, as hereinbefore shown, in the bill. The court sustained the demurrers to the bill, which was error; they should have been overruled. A decree overruling the demurrers will be entered here.

The decree is reversed, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.