(127 So. 173)

**SHEFFIELD CHAMBER OF COMMERCE, Inc., v. HATCH et al.**

**8 Div. 115.**

Supreme Court of Alabama.

March 20, 1930.

602

R. L. Polk, of Sheffield, for appellant.

Andrews, Peach & Almon, of Sheffield, for appellees.

**BROWN, J.**

It is well settled that a motion for continuance is addressed to the sound discretion of the court, and the exercise of the discretion is not subject to review on appeal, unless it is made to appear that the discretion was abused. Knowles v. Blue et al., 209 Ala. 27, 95 So. 481; 5 Alabama-Southern Digest, 488, § 7.

The defendant's motion for continuance was predicated on facts alleged in the motion, and nothing appears in the record as to what, if any, evidence was offered in support of the motion, and, under the settled rule, error in respect to refusing the defendant a continuance is not shown.

Nor was there error in allowing the witness Andrews to testify that at the time of the execution of the note he was the president of defendant corporation, and that Lester was its secretary and treasurer. Roberts & Sons v. Williams et al., 198 Ala. 290, 73 So. 502;

Paterson & Edey Lumber Co. v. Bank of Mobile, 203 Ala. 536, 84 So. 721, 10 A. L. R. 1037; East Tenn., Va. & Ga. Railway Co. v. Davis, 91 Ala. 615, 8 So. 349; 14 a C. J. 406, § 2255; 7 R. C. L. 667, § 669.

If it be assumed that the written evidence on the books of the corporation was the best evidence of the selection of the officers of the corporation, their official positions were collateral facts incident to the matter in issue, and the rule which requires the production of the best evidence was not applicable. Griffin v. State, 129 Ala. 93, 29 So. 783; Huskey v. State, 129 Ala. 94, 29 So. 838; Allen v. State, 79 Ala. 34.

■ After offering proof that the note was executed by Andrews as president, in the name of the defendant corporation, duly attested by Lester as secretary-treasurer, the plaintiff offered in evidence the original resolution of the stockholders and the *board of directors*, attached to the note, authorizing the president and the secretary-treasurer to negotiate the loan and pledge the net income and rentals of the chamber of commerce building as a security for the loan. This resolution was prima facie evidence of their authority to procure the loan and execute the note. Code of 1923, § 7015; Stuart v. Holt et al., 198 Ala. 73, 73 So. 390; Martin Machine Works v. Miller, 132 Ala. 629, 32 So. 305; Emerson and Another v. Providence Hat Manufacturing Co., 12 Mass. 237, 7 Am. Dec. 66; 7 R. C. L. 638, § 640.

In Gashwiler et al. v. T. N. Willis et al., 33 Cal. 11, 91 Am. Dec. 607, cited by appellant, and the basis for the text in 7 R. C. L. 668, § 670, that "the mere recital in an instrument executed by a corporate agent of his authority to act, is no evidence whatever of its existence," the question presented was whether or not a deed executed "by·S. S. Turner, T. N. Willis and James J. Hodges, Trustees of said corporation," was the act of the corporation. The only evidence of the named trustees to act was a recital in the deed itself, to the effect that the named trustees were "duly authorized and empowered by resolution and order of said corporation to sell and convey," and a resolution passed at a meeting of the stockholders of said corporation authorizing the named trustees to sell and convey. The deed was not signed by the corporation, and the holding there was that, under the statutes of California, the power to direct the affairs of the corporation was vested in the board of trustees, duly assembled with a majority present and participating, and that the stockholders, whether acting collectively or individually, had no power to sell or to authorize the sale of corporate property, and, under the facts of that case, the alleged deed was not the act or deed of the corporation.

The note in the case at bar was signed by the corporation, through and by its president, and attested by its secretary-treasurer, and this act was authorized by the resolution of the board of directors and the stockholders. These observations sufficiently differentiate the cited case (Gashwiler v. Willis) from the case at bar, and show that it is not an apt authority for the contention that the note sued on is not the note of the defendant corporation (Tallassee Oil & Fertilizer Co. v. Royal et al., 209 Ala. 439, 96 So. 620).

The note was properly received in evidence, and the objections thereto were properly overruled.

■ The defendant offered in evidence the official "corporation record" kept by the judge of probate, containing a certificate of incorporation of "Sheffield Chamber of Commerce, *Incorporated*," filed and recorded on the 15th day of June, 1918. In this certificate G. E. Roulhac was named as president, W. A. Kelly vice president, and J. H. Lester treasurer.

The plaintiff thereupon offered in evidence the same corporation record, showing the incorporation of "Sheffield Chamber of Commerce, *Inc.*," filed May 17, 1919, and naming J. L. Andrews as president, W. A. Kelly vice president, and J. H. Lester treasurer. The corporation last named is the one sued in this case.

While it may be conceded that the names of these two corporations are so nearly similar that the formation of the second was in violation of subdivision 1 of section 3446 of the Code of 1907, section 6965 of the present Code, yet it is at least a de facto corporation, and is within the protection of the law and subject to the payment of its debts. Owensboro Wagon Co. v. Bliss et al., 132 Ala. 253, 31 So. 81, 90 Am. St. Rep. 907.

The evidence shows without conflict that the note sued on was executed by the Sheffield Chamber of Commerce, Inc., of which J. L. Andrews was the president, and appellant's contention that there is a failure of proof in this respect is without merit.

■ Another contention is that the stipulation embodied in the note for the payment of a reasonable attorney's fee was not authorized by the resolution of the board of directors, and the case of Hardin & Sons v. Iowa Railway & Const. Co., 78 Iowa, 726, 43 N. W. 543, 6 L. R. A. 52, is cited in support of this contention.

While it must be conceded that the cited authority sustains appellant's contention and is persuasive, we are not of opinion that it should be followed. The authority to procure a loan necessarily implies the power to make and deliver a note and create a valid and effective obligation to pay, and the inclusion in the note of such other stipulations, usual and customary, to facilitate its enforcement. Coston-Riles Lumber Co. v. Alabama Machinery & Supply Co., 209 Ala. 151, 95 So. 577.

■ At the conclusion of the evidence, the court, on request of the plaintiff, in writing gave the following charge: "If you believe the. evidence in this case you will find for the plaintiff for $4,931.55." In giving this charge the court committed error. The evidence, in its most favorable view to the plaintiff, shows that the balance due on the note, with interest to the time of the trial, was $4,431.55, and plaintiff proved by a reputable attorney that a reasonable fee for the prosecution of the suit was $500, yet the plaintiffs only claimed $400 as a reasonable attorney's fee in their complaint, and they were entitled to recover no more than the amount claimed, while the charge directed a verdict for amount due on the note together with the attorney's fee of $500.

■ Moreover, the question of what was reasonable to be allowed as attorney's fee was for the jury, though the expert testimony in respect thereto was undisputed, it was merely advisory and not conclusive. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Citizens' Light, Heat & Power Co. v. Central Trust Co. of Illinois, 200 Ala. 18, 75 So. 330; Jones on Ev. § 387; 11 R. C. L. 641, § 58; Fowle v. Parsons, 160 Iowa, 454, 141 N. W. 1049, 45 L. R. A. (N. S.) 181.

For this error the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.