10 So.2d 45

**ADAMS v. RISH.**

**4 Div. 707.**

Court of Appeals of Alabama.

Oct. 6, 1942.

J. N. Mullins and L. A. Farmer, both of Dothan, for appellant.

W. G. Espy, of Dothan, for appellee.

**BRICKEN, Presiding Judge.**

Appellee brought suit against appellant in the Court of Common Pleas, upon a promissory note for the principal sum of $25 and accrued interest and attorney's fee. In said court a judgment by default was rendered in favor of plaintiff, from which defendant appealed to the circuit court and demanded a trial by jury.

Upon the trial in the circuit court, the defendant interposed his plea of the general issue, and of payment. Plaintiff introduced the note sued on in evidence, and testified that the principal sum for which said note was given, together with accrued interest, and a reasonable attorney's fee, was due and unpaid, and that no payment has been made on said note. Plaintiff also offered testimony to the effect that a reasonable attorney's fee for the collection of said note was $20. There was no controversy as to this.

The defendant, in support of his plea of payment, testified in substance that he executed the note sued on; that he paid the full amount of said note to plaintiff before suit was brought, and that he did not owe any part of the amount for which said note was given.

During the progress of the trial plaintiff testified: "I wrote him (defendant) a letter and enclosed a note and asked him to sign and return it, but he did not sign and return that note, but later executed the note sued on in this case."

The defendant moved the court to exclude from the jury that part of the above testimony wherein plaintiff stated: "I wrote him a letter and enclosed him a note and asked him to sign it and return it." In addition to the general ground of objection the further ground was interposed: "Because the letter and note sent by the plaintiff to the defendant was the best evidence."

The court overruled the motion to exclude and defendant excepted. If any error was committed in this connection it was entirely harmless. The letter related to the efforts of the plaintiff to secure a signed note from defendant. The defendant, as stated, admitted in his testimony that he signed the note which was sued upon, and that was one of the material questions before the jury.

The testimony sought to be excluded was merely collateral to the matter at issue, and the rule which requires the production of the best evidence is not applicable as to collateral matters. Sheffield Chamber of Commerce, Inc., v. Hatch et al., 220 Ala. 601, 127 So. 173.

568

It affirmatively appears from this record that the only question at issue between the parties was whether or not the defendant paid to the plaintiff the amount due upon the note before plaintiff brought his suit in the court below. The defendant admitted the execution of the note, but testified: "I paid the plaintiff the $25.00 after the execution of the note that has been introduced in evidence. I paid him $25.00 in satisfaction of that note." Further: "I paid the plaintiff this $25.00 in the Cash Drug Store and bought him a coca-cola at the same time. I paid him $25.00 in money, United States Currency, two $10.00 bills and one $5.00 bill. I don't recall anyone being present when I paid him. I paid him at the soda fountain about eleven o'clock in the forenoon. I didn't ask him for the note. He told me he would mail the note to me, or drop by his office and he would give it to me."

The plaintiff, upon cross-examination by defendant, testified: "The defendant did not pay me $25.00 in the Cash Drug Store."

It is thus seen that the testimony was in sharp and direct conflict as to whether or not the note sued on had been paid.

The court below correctly and explicitly charged the jury on this phase of the case as follows: "It is an issue of fact, a clear cut issue of fact to be determined by you, that is, whether or not the note was paid before the suit was filed, the burden resting upon the defendant to reasonably satisfy you that that note had been paid before suit was filed, and if he has carried that burden he would be entitled to a verdict at your hands. If he hasn't carried that burden to your reasonable satisfaction, then he would not be entitled to a verdict at your hands in this case."

Defendant requested the following written charge: "If you believe from the evidence that the $25.00 paid by the defendant to the plaintiff was in payment of the note sued on, then you must find for the defendant."

The court properly refused said charge, as being invasive of the province of the jury, and that the substance of the charge was fairly and substantially covered by the oral charge of the jury.

No error appearing, the judgment of the lower court, from which this appeal was taken, is affirmed.

Affirmed.