11 So.2d 348

**FIRST NAT. BANK OF BIRMINGHAM v. BONNER.**

**6 Div. 6.**

Supreme Court of Alabama.

Jan. 14, 1943.

Marvin Woodall, of Birmingham, for appellant.

A. L. Crumpton, of Ashland, and Gibson & Gibson, of Birmingham, for appellee.

FOSTER, Justice.

The complainant sought to enforce in equity his right to assert an equitable interest in real estate sold by him to one Weaver with the stipulation that on the failure of Weaver to pay the consideration, he should reconvey the property to complainant, alleging such failure to pay and to reconvey, but that he had mortgaged it to a bank in North Birmingham; that the mortgage was foreclosed, with that bank as purchaser; that it conveyed its assets to respondent First National Bank of Birmingham; that the latter bank conveyed by warranty deed to Sherman Concrete Pipe Company, which is now seized and possessed of it. Weaver, the First National Bank and Sherman Concrete Pipe Company were made parties respondent. The bill seeks a personal judgment against Weaver for the amount of the consideration, and prays that a lien on the land be

decreed for its enforcement; or, in the alternative, that the property be reconveyed to him under orders of the court free from any claim of any of the respondents.

The bank and Sherman Concrete Pipe Company demurred separately to the bill as amended, "and to each and every aspect thereof separately and severally."

The court rendered a decree declaring that the submission was on the amended demurrer to the bill as last amended, and thereupon overruled it.

The bank filed an objection and exception to the failure to rule on the demurrer to each aspect of the bill separately. The court declined to modify his decree in that respect. The bank alone appeals and assigns errors.

■ Our view is that there was no error on the part of the court in holding that the demurrer was in effect to the bill as a whole. Franklin v. Nunnelley, 242 Ala. 87, 5 So.2d 99; American Traders Nat. Bank v. Henderson, 222 Ala. 426, 133 So. 36; First National Bank v. Forman, 230 Ala. 185, 160 So. 109; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; National Union Fire Ins. Co. v. Lasseter, 224 Ala. 649, 141 So. 645; Wood v. Estes, 224 Ala. 140, 139 So. 331; First National Bank v. DeJernett, 229 Ala. 564, 159 So. 73.

■ If the respondent wishes to test the sufficiency of an aspect of the bill separately, the demurrer should be addressed to that aspect sufficiently described, and point out specifically the defects in the allegations with respect to it.

The bank also insists that it is not a proper party in any aspect of the bill, and that its demurrer on that ground should have been sustained.

Many cases hold that if the bank by its conveyance to Sherman Concrete Pipe Company conveyed such title as it had, legal and equitable, it had no such interest left as that it is a necessary party to this nature of suit. Batson v. Etheridge, 239 Ala. 535(9), 195 So. 873; Boutwell v. Steiner, 84 Ala. 307, 4 So. 184, 5 Am.St. Rep. 375; Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756; Hester v. First National Bank, 237 Ala. 307(8), 186 So. 717; Hamil v. McCalla, 228 Ala. 281(15), 153 So. 412; Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Hamilton v. Clancy, 196 Ala. 194, 72 So. 15.

■ But though the party with whom complainant dealt may have fully and completely conveyed his interest to another (and without a warranty), still he is a proper party because of his privity of connection with the subject matter of the suit. Broughton v. Mitchell, 64 Ala. 210, 220; Scruggs Const. Co. v. Coosa County, 206 Ala. 137(2), 89 So. 527; Harwell v. Lehman, 72 Ala. 344; Trotter v. Brown, 232 Ala. 147, 167 So. 310.

But it has been said that when a second mortgagee transfers all his interest in his mortgage he has no interest left to be affected by a foreclosure proceeding in equity of the first mortgage, and if no relief is sought against him, he is not a proper party (he is not in privity with the transaction). Arnett v. Willoughby, 190 Ala. 530, 67 So. 426. Compare Burns v. Austin, 225 Ala. 421, 143 So. 824.

■ But that principle has no application when the assignor or grantor (though he has no such privity of connection) has conveyed by a warranty deed, for then he has an interest to defeat an adverse claim which he warranted and to make good his warranty. So that such warrantor is a proper party. McDowell v. Herren, 219 Ala. 370, 122 So. 336. Compare Holder v. Taylor, 233 Ala. 477 (13), 172 So. 761.

This is analogous to the right and sometimes duty of such a grantee when sued at law for the land by an adverse claimant to give the warrantor notice of the suit with an opportunity to join in its defense. Smith v. Gaines, 210 Ala. 245, 97 So. 739. Compare Tallassee Oil & Fertilizer Co. v. Royal, 209 Ala. 439(4), at page 441, 96 So. 620.

The broad terms of the opinion in the case of Arnett v. Willoughby, supra, may be somewhat misleading. There was a second mortgagee in that case who was not a party to the mortgage sought to be foreclosed, nor in privity with it, and had parted with all interest and apparently not bound in any respect in connection with the transaction, and really and truly had no interest in the subject matter of the suit, and it was not alleged that he claimed any such interest, and no relief was sought in respect to him. We doubt not that relief could have been sought and had against him, making him a party, if complainant had sought to have him bound by the decree so as to cut off any claim he might

have in respect to his assignment, and be bound by the decree against his assignee. For he might, when he is not bound by the suit, later contend that he did not execute the assignment, or that he had a right to set it aside for some reason and relitigate the validity of his second mortgage, though it be adjudged to be invalid by the final decree against his assignee. He could be made a party and called upon to declare any and all claims, and a prayer would be appropriate to determine such right as he may assert, though he had made no warranty and his conveyance be apparently complete in all respects (Broughton v. Mitchell, supra, 64 Ala. at page 220), and this without making the bill one under the statute to quiet the title.

The bill in this case alleges, not only that the First National Bank conveyed to Sherman Concrete Pipe Company by a warranty deed, but also that each of the respondents claim some interest in said property, and the prayer in one aspect seeks a sale of the property free from the claim of any respondent, and in another aspect a reconveyance of the property also free from the claims of any respondent.

In either aspect, the said bank with its outstanding warranty is a proper party having an interest to protect that warranty, and to see that the title is not lost to its grantee under the warranty, whose rights thereby acquired are under attack. McDowell v. Herren, supra.

Appellant also insists that the bill is subject to demurrer because it does not allege peaceable possession in complainant and that it is in essence one to remove a cloud from title, or that it is a statutory bill for that purpose. But it does not seem to be dependent upon that equitable right. The equity of the bill is one to enforce a vendor's lien, or, in the alternative, the equitable right under the contract with Weaver to a reconveyance of the property.

The bill having equity in respect to either alternative relief, the court will grant complete relief between all parties connected with the transaction and settle their respective rights, whether legal or equitable. Converse Bridge Co. v. Geneva County, 168 Ala. 432(8), 53 So. 196; Burns v. Lenoir, 220 Ala. 422, 125 So. 661. So that in such a suit the parties must assert any claims they have so that they may be litigated, else they may be barred of their assertion.

As respects any contention here made, the demurrer of appellant was overruled without error.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.