(135 So. 165)

**SHEFFIELD CHAMBER OF COMMERCE, Inc., v. HATCH et al.**

8 Div. 262.

Supreme Court of Alabama.

May 21, 1931.

Rehearing Denied June 18, 1931.

238

Andrews, Peach & Almon, of Sheffield, for appellees.

This cause is submitted under rule 46, opinion delivered by Mr. Associate Justice BOULDIN.

The suit is upon a promissory note. Plaintiffs are indorsers, who, upon default, paid off and took an assignment of the note, and now sue the maker.

Most of the questions of merit were settled on the former appeal. Sheffield Chamber of Commerce, Inc., v. Hatch et al., 220 Ala. 601, 127 So. 173.

On the second trial, motion was made to quash the service of summons and complaint for want of service upon an officer of the corporation sued.

The record shows that Sheffield Chamber of Commerce was incorporated under the corporate name of "Sheffield Chamber of Commerce, Incorporated," and later, on an increase of capital stock, it was incorporated anew under the corporate name of "Sheffield Chamber of Commerce, Inc."

On former appeal it was held this substantial identity of names, forbidden by law, did not prevent the latter corporation from having corporate being as a corporation de facto, and it is liable for its debts. Sheffield Chamber of Commerce, Inc., v. Hatch et al., 220 Ala. 603, 127 So. 173.

Without dispute the latter corporation was the maker of the note, and it is the party sued. Its exact corporate name appears in the summons as well as the complaint. The motion treats the suit as being against that corporation.

That defendant appeared and pleaded to the merits on the former trial. Such pleas were never withdrawn. The defendant being thus in court, the question of proper service was wholly immaterial, and the motion to quash service was properly overruled.

The same question is raised by what is styled a plea in abatement. It avers no more than that the officer served was an officer of the old corporation, and that service upon him conferred no jurisdiction over the party sued. It does not question the jurisdiction of the subject-matter.

No separate hearing was had upon such plea, nor other disposition made of it, but the cause went to trial on original and additional pleas to the merits filed on the last trial. This was a waiver of the plea, or we may say a record answer to the allegations of the plea to the effect that the defendant was not in court for want of service on a proper officer of defendant. Brown v. Powell, 45 Ala. 149; Ex parte Dunlap, 209 Ala. 453, 96 So. 441.

The averment that J. C. Harris, president, the officer served, and alleged to be an officer of the old corporation, knew nothing of the new corporation until the last trial, may have furnished good cause to withdraw appearance entered by defendant under mistake, but appearance was not withdrawn and the cause twice litigated on the merits.

We may add the evidence without dispute shows that the latter corporation is the going concern, and certainly the weight of evidence is that Mr. Harris is the president of same, although it may be conceded his evidence discloses he has considered himself president of "Sheffield Chamber of Commerce, Incorporated." Assuming this evidence made a question for the jury as to his true relation, it could not affect the right of plaintiffs to an affirmative charge on the face of the record showing the real defendant in court litigating on the merits.

The demurrers assigned to the plea of nul tiel record do not appear in the record. Under the former decision the plea was subject to demurrer. No plea denying plaintiffs' ownership of the note sued upon as averred was interposed. The assignment and ownership were therefore not in issue. Code § 7663.

In addition to the certificate of authority to obtain the loan and execute the note in suit held admissible and prima facie evidence on the former appeal, there was, on the second trial, further direct evidence of such authority, admitted without objection.

No rebutting evidence was offered under the plea of non est factum.

The trial court followed the former decision in submitting the question of the amount of the attorney's fee to the jury.

The affirmative charge in writing did not state the amount of debt and interest, but left same to the jury.

Evidence was admitted without objection that the amount of the debt due December 3, 1926, when the indorsers took it over, was $3,759.80. The court, in oral instruction, gave

this as the amount to which interest should be added to the date of the trial.

It is now insisted that, deducting the credits indorsed upon the back of the note, the balance, figuring interest in the manner fixed by statute, was then less than said sum. Said balance was also indorsed on the back of the note. Whether other charges, such as attorney's fees, had then accrued, does not appear.

No exception being taken to this part of the court's oral charge, it is not reviewable.

We find no error to reverse.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.