103 So.2d 762

### CHATTAHOOCHEE VALLEY RAILWAY COMPANY

v.

### J. Fletcher WILLIAMS.

### 5 Div. 625.

Supreme Court of Alabama.

June 5, 1958.

Denson & Denson and Yetta G. Samford, Jr., Opelika, and C. S. Moon, La Fayette, for appellant.

L. J. Tyner, Opelika, and R. C. Wallace, La Fayette, for appellee.

COLEMAN, Justice.

This is an appeal by defendant from an adverse verdict and judgment in a suit at law for personal injuries sustained by plaintiff as the result of the collision of a boxcar of defendant with plaintiff's automobile, which he was driving, at a public railroad crossing at Fairfax, in Chambers County. Defendant's motion for new trial was overruled.

The accident occurred after dark on a spur track which leads from the main line of defendant's railroad to the Fairfax Mill. It was raining.

Plaintiff testified that he approached the crossing, in his car, behind a taxicab which slowed down and forced plaintiff to stop his car before going on the tracks, that plaintiff did stop, looked to the left, saw some boxcars "parked" on main track to his left, looked ahead and to the right, that he listened but heard no bell or whistle, that he started his car in low gear, that plaintiff's brother who was a passenger in plaintiff's car yelled "Look out," whereupon plaintiff looked up and saw the train or boxcar within three feet of his face, that the boxcar hit plaintiff's automobile and injured plaintiff. Plaintiff also testified that he did not see any flagman at the crossing at the time of the accident, that there were no lights on the boxcar, and that no warning signal of any sort was given, that plaintiff was familiar with the crossing and had been crossing it two or three times a day for eighteen years, that plaintiff's brother who was riding in the automobile with plaintiff had been drinking and that the brother had some liquor in the car. Plaintiff denied that he had been drinking that day and denied that he had been to the Blue Room on the afternoon of the accident.

 Defendant's evidence tended to show that plaintiff did not stop at the crossing, that he drove at a rapid rate onto the crossing in the path of the cars and almost struck the flagman who was standing in the middle of the road waving a lantern, and that as soon as it appeared that plaintiff would not stop the flagman gave an emergency signal and stopped the train. There was additional testimony tending to support the conflicting contentions of both parties, which evidence presented for the jury the issues of negligence on part of defendant and contributory negligence on the part of the plaintiff.

Assignments of Error 1 and 2.

 These assignments are to the effect that the trial court erred in refusing to give the affirmative charge and the affirmative charge with hypothesis, duly requested in writing by defendant to Count 2 of the complaint.

Defendant argues that Count 2 is in trespass; that proof of corporate participation was necessary before this count could be submitted to the jury; that there was no proof of corporate participation; and, therefore, defendant was entitled to have given the requested affirmative charges as to this count.

In Count 2 plaintiff alleges that " * * * the defendant ran a railway train of the defendant against the automobile in which plaintiff was riding as aforesaid, and as a proximate consequence thereof plaintiff was severely injured * * *.;" and that " * * * all of his said injuries and damages were caused as a proximate result of the negligence of the defendant * * *."

In this argument, defendant has misconceived the nature of Count 2. That count does not require proof of corporate participation. We recently considered the necessity of proof of corporate participation to support a count charging a corporate defendant with wanton misconduct in Louisville & N. R. R. Co. v. Johns, Ala., 101 So.2d 265,[1] and held such proof necessary to support the wanton count in that case. The opinion in that case noted, however:

" ' * * * But inasmuch as an averment that the "defendant" negligently did the wrongful act can be supported by proof that defendant's servants or agents did the act of negligence while acting within the line and scope of their employment by the defendant, Circuit Court Rule 34 has been held to apply where the complaint charged the negligent act to the defendant but the proof showed that the act of negligence was done by the defendant's servants or agents while acting within the line and scope of their employ-

1. Ante, p. 261.

ment. (Citations omitted.)'" (Ante, p. 261, 101 So.2d 265, 278);

and for authority cited Morrison v. Clark, 196 Ala. 670, 72 So. 305, where this court said:

"Adverting to the first count, in which is the averment that the 'defendant negligently caused or allowed said automobile to run upon or against or into said vehicle on the occasion aforesaid,' in City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, this court held that as to simple negligence, an averment that the 'defendant' did the wrongful act could be maintained by proof that defendant's servants or agents did the act of negligence, while acting within the line and scope of their employment by the defendant. 31 Cyc. 1626. Moreover, there was no objection to the evidence on the ground of a variance; therefore the court could not be put in error. Circuit court rule No. 34, 175 Ala. xxi.

"If, then, there was evidence to warrant the jury in drawing the inference that the wrongful act was committed by the defendant acting through servants or agents who, at the time, were in the discharge of the master's business, and were acting within the scope of the employment, then the affirmative charges requested by the defendant, as A and 1, were properly refused." (196 Ala. 670, 674, 675, 72 So. 307)

In City Delivery Co. v. Henry, 139 Ala. 161, 166, 34 So. 389, 390, it was said:

" * * * If it be granted that, construing the averments against the pleader, the intendment is that the running against and striking the plaintiff was directly caused by the negligent act of the defendant itself, and not that the collision was due to the negligent act of the defendant's servant, merely, still the injury, being a resultant of negligence, and not of intentional causation, would be indirect, wanting in the application of force, and consequential, within the doctrine which distinguishes case from trespass."

In the case at bar, Count 2 is in case, not trespass, and proof of the negligence of defendant's servants while acting within the line and scope of their employment, was sufficient to sustain the averment of negligence charged to the defendant corporation, and the affirmative charges requested to Count 2 were correctly refused.

### Assignments of Error 3 and 4.

These assignments are that the trial court erred in sustaining objections to questions designed to elicit testimony that the plaintiff had been drinking intoxicating beverages between two and three o'clock in the afternoon prior to his injury between the hours of six and six-thirty p. m. of the same day. We note that the Eastern time zone and the Central time zone meet in the vicinity where the accident occurred, and it is not clear whether all the witnesses were referring to the same time zone in their testimony. The trial court understood the elapsed time between the alleged drinking and accident to be four or four and a half hours because it said: " * * * my first reaction was to let it in, but the Courts have held that four hours and a half, that much time elapsing makes the evidence improper, * * *." If the court's statement was incorrect as to the number of hours, the record fails to show any effort of correction by defendant, and we will consider that the elapsed time was four to four and a half hours.

The trial court first overruled objections to questions designed to prove plaintiff's afternoon drinking of intoxicants, but changed its ruling and sustained the objection before the testimony was given. The statements of the trial court indicate that the testimony was not admitted because, in the court's opinion, it was too remote in point of time.

Defendant sought to prove that plaintiff, on the afternoon, aforesaid, had been in the Blue Room, "a place down below Riverview at that time," and had there consumed intoxicants. Plaintiff, previously on cross-examination, had denied that he had been "drinking some there in the Blue Room that afternoon," and in answer to a question, "How much drinking had you been doing?" had replied, "I hadn't drank any."

Appellant argues that because under Title 36, § 2, Code of 1940, Pocket Parts, it is unlawful for any person who is intoxicated to drive a motor vehicle upon a public highway in this state, if plaintiff "was driving his automobile at the time of the alleged accident under the influence of intoxicating liquors, then he was driving same unlawfully and was unlawfully on the highway and was a trespasser thereon," and defendant owed no duty to plaintiff except not to injure plaintiff willfully upon discovery of peril.

■ We do not agree that one so driving a vehicle on a highway, is a trespasser in the sense that defendant did not owe him the duty to exercise reasonable care not to injure him. In Wise v. Schneider, 205 Ala. 537, 538, 539, 88 So. 662, 663, Somerville, J., in holding that evidence of the intoxication of a defendant driver of a motor vehicle was admitted without error wrote for this court as follows:

"Plaintiff offered evidence tending to show that Davis, who was driving the car, was intoxicated at the time. Such intoxication of itself furnishes no ground for liability if the driver has nevertheless exercised the care of a reasonably prudent driver. (Citations omitted.) But evidence of intoxication is admissible on the issue of negligence vel non, where the evidence as to negligent conduct is in conflict, or conflicting inferences may be drawn therefrom. (Citations omitted.)

"So, also, under the provisions of the act approved April 22, 1911 (Gen.Acts 1911, pp. 634, 635, § 28), 'whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a misdemeanor'; and a violation of this law is clearly an act of negligence per se. (Citations omitted.) But of course liability must in all cases be grounded upon its proximate causation of the injury complained of."

See, also, Davis v. Radney, 251 Ala. 629, 38 So.2d 867.

■■ Likewise, in the instant case, the intoxication of plaintiff, if he was in fact intoxicated, would not in and of itself alone constitute such contributory negligence as to bar his recovery if plaintiff "nevertheless exercised the care of a reasonably prudent driver" on the occasion of the accident which is the basis for this suit. Whether plaintiff exercised reasonable care or not was, under the evidence, a question for the jury.

Foster, J., writing for this court has said:

"* * * A witness may testify that the conduct and appearance of another was that he was intoxicated (Citations omitted), but we do not think it is meant that such is the only method of proving intoxication. What is logically relevant for that purpose is legally relevant, and admissible unless some other rule is violated. * * *" Southern Natural Gas Co. v. Davidson, 225 Ala. 171, 173, 142 So. 63.

■ Proof of prior consumption of intoxicating beverages is logically relevant to prove intoxication at a later time unless such drinking occurred at a time too remote to prove the alleged later intoxication. It will scarcely be contended that proof of drinking on one day would logically tend to prove intoxication the next day twenty-four hours later. As to precisely how many hours must elapse before such proof becomes irrelevant because too remote, no hard and fast rule can be laid down. Each case must depend on the circumstances of that case.

The proof offered by defendant and excluded by the trial court might have been admitted without error if the quantity of intoxicants consumed by plaintiff, or his condition after consumption, was such as would logically tend to show that he was probably intoxicated four to four and a half hours later.

The rule as to reception or rejection of evidence which may or may not be properly excluded as too remote has been stated by this court as follows:

"* * * 'Facts are relevant which logically tend to prove or disprove the fact in issue, or which afford a reasonable inference, or shed light upon the matter contested. * * * Whether evidence offered is too remote is for the court in the exercise of a sound discretion, and such ruling will not be revised on appeal, unless it is plain that error was committed.' Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216." Springer v. Sullivan, 218 Ala. 645, 647, 119 So. 851, 853.

That rule applies here.

■ The record does not disclose the extent of plaintiff's drinking at the Blue Room, whether one swallow or many, or his condition after such drinking, which defendant proposed to show. In such a condition of the record, we cannot say that the trial court abused its discretion in sustaining the objection on the ground of remoteness.

### Assignment of Error 5.

Defendant offered in evidence a certificate made by the Chief of Drivers License Division of the Department of Public Safety of the State of Alabama. This certificate tended to show that plaintiff's license to operate an automobile on the public highways of this state had been revoked and was not in effect at the time of the accident. The trial court sustained plaintiff's objection to the certificate, and this ruling is assigned as error.

Defendant argues that the certificate was admissible for two purposes: (1) to show that plaintiff was a trespasser on the highway, and (2) to impeach plaintiff's testimony that he had such a license at the time of the accident.

Admissibility of proof that the driver of an automobile did not have a license at the time of an accident was considered by this court in Lindsey v. Barton, 260 Ala. 419, 422, 423, 70 So.2d 633, 635, where Simpson, J., wrote for this court as follows:

"Moreover, there was no evidence in this case nor any offer to show evidence by the appellants-defendants tending to prove a causal relationship between the plaintiff's injuries and the plaintiff's alleged violation of the statute in failing to have a license. This is equally true of the evidence of the refusal upon application to grant the plaintiff a driver's license. By the weight of authority and the better reasoning as we see it, under the facts here presented, evidence that the driver was not licensed as required by statute is inadmissible unless there is some causal relationship between the injuries and the failure to have a license. Upon like reasoning the rejection of the evidence of the refusal upon application to grant the plaintiff a driver's license was proper. See DeVite v. Connecticut Co., 112 Conn. 670, 151 A. 320; Davis v. Gordon, 183 Md. 129, 36 A.2d 699, 156 A.L.R. 1109 (Evidence that defendant's license had been revoked before the accident in question improperly admitted.); * * *."

■ In the instant case, we hold that proof of revocation of a driver's license is immaterial and inadmissible on the issue of negligence of such driver, where no causal connection between lack of license and injury of plaintiff is shown. Such proof of revocation is also not admissible to prove plaintiff was a trespasser as defendant contends.

Defendant's argument that the court erred in sustaining objection to the certificate of revocation if the same was offered for impeachment of plaintiff is likewise without merit.

In Loveless v. Hardy, 201 Ala. 605, 607, 79 So. 37, 39, with reference to sustaining objection to introduction in evidence of a letter found in possession of plaintiff, this court said:

"While the letter found on the plaintiff contained information as to a warrant from Tuscaloosa county and tended to contradict plaintiff, yet this was not the warrant on which the arrest was attempted to be made, and was therefore immaterial. No reversible error was committed by the court in sustaining the objection to the introduction of such letter in evidence, relating to an immaterial matter."

Also, in Birmingham Electric Co. v. Glenn, 224 Ala. 620, 622, 623, 141 So. 537, 539, Bouldin, J., wrote for the court as follows:

"Drawing out on cross-examination testimony wholly immaterial did not entitle defendant to introduce testimony to contradict the witness. A witness cannot be thus impeached."

In the instant case, the trial court did not err in sustaining objection to the certificate of revocation, if offered to impeach plaintiff, because said certificate related to an immaterial matter. Assignment No. 5 is without merit.

### Assignments of Error 6 and 7.

Assignment 6 recites as follows:

"The Court erred in permitting Plaintiff's witness, Wendell Willis, to testify over Defendant's objections as to the custom or policy of the Defendant in having a watchman at the railway crossing herein involved, at times other than at the time of the alleged accident."

Assignment 7 is to like effect.

The witness, Mr. Willis, testified that he was familiar with the crossing, that he crossed the spur track several times a week, that he had been doing so for four years prior to the accident, that he was doing so at the time of the trial, and that he had never seen a flagman at the crossing while cars were being switched across the highway.

Such evidence was held to be admissible by this court in Alabama Great Southern R. Co. v. Molette, 207 Ala. 624, 626, 93 So. 644, 646, and appropriate here is what was said in that case as follows:

"There was no error in allowing plaintiff to show that defendant kept no flagman at the street crossing at which plaintiff was injured and that there was no flagman there at the time. It is not perceived how this testimony could have prejudiced the defense, for it excluded the idea that plaintiff may have relied upon a flagman for any warning of danger."

The trial court did not err in the ruling here complained of.

### Assignments of Error 8 and 9.

These assignments are that the trial court erred in overruling defendant's motion for new trial, and " * * * had the effect of raising as a distinct assignment of error every ground stated in the motion for new trial except that the verdict was contrary to law." Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315, 316.

Grounds of the motion not argued in brief, however, will not be considered on appeal. McClendon v. McKissack, 143 Ala. 188, 38 So. 1020.

Appellant argues in support of Grounds 13, 14, 15, and 16 of the motion for new trial, which present for review the ruling of the trial court in refusing the affirmative charge to the complaint as a whole and to each count. What we have said with reference to Assignments 1 and 2 ap-

'plies to these grounds and the trial court's action in overruling them was not error.

Appellant argues also in support of Grounds 5, 6, and 7 of the motion which, as appellant states in brief, "present the proposition that the verdict is not sustained by the great preponderance of the evidence."

After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

We have treated all assignments of error which are adequately argued. Error to reverse not being shown, the judgment appealed from is due to be and is affirmed.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.

