BOOKER T. WASHINGTON INSUR-
ANCE COMPANY, Inc., a corpo-
ration, Plaintiff,

v.

TRANSCONTINENTAL INSURANCE
COMPANY, a corporation,
Defendant.

BOOKER T. WASHINGTON INSUR-
ANCE COMPANY, Inc., a corpo-
ration, Plaintiff,

v.

The MONARCH INSURANCE COMPA-
NY OF OHIO, a corporation,
Defendant.

Civ. A. Nos. 64–502, 64–503.

United States District Court
N. D. Alabama, S. D.

Oct. 19, 1966.

**1006**

William H. Cole, Jenkins & Cole, Birmingham, Ala., for plaintiff.

Spain, Gillon & Young, Ralph B. Tate, Ollie Blan, Jr., Birmingham, Ala., and William W. Cowan, of Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for Fidelity Fire Ins. Co., M. Lafayette Harris and Citizens Trust Co.

Russell, Raymon & Russell, Tuskegee, Ala., and Maurice F. Bishop, of Bishop & Carlton, Birmingham, Ala., for American Employers Ins. Co.

Silberman, Silberman & Loeb, Charles E. Clark, Birmingham, Ala., for Hobart Mfg. Co.

Bradley, Arant, Rose & White and Thad G. Long, Birmingham, Ala., for Alabama Gas Corp.

Gray & Seay and Fred D. Gray, Montgomery, Ala., for ABC Supermarket, Inc., Bulls Realty Co., Inc., A. C. Bulls, and others.

Macon L. Weaver, U. S. Atty., E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., for intervenor, United States.

Sadler, Sadler, Sullivan & Sharp and William J. Sullivan, Jr., Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

LYNNE, Chief Judge.

For the convenience of the parties and in the interest of justice, these actions, involving common questions of law and fact, are consolidated for purpose of trial only.

The issues raised by the original complaints and the answers thereto having been adjudicated by order of the court herein on the 9th day of February, 1965, these actions were submitted for final judgment of the court upon the respective cross-claims of Transcontinental Insurance Company, a corporation, (Transcontinental) and of the Monarch Insurance Company of Ohio, a corporation, (Monarch) each in the nature of a bill of interpleader, the answers of the cross-defendants, the order on pretrial hearing entered herein on January 27, 1965, and the several stipulations of facts entered into by the respective parties.

On June 28, 1963, Monarch issued its fire insurance policy No. 12–61–22–84 to A. C. Bulls and Ethel Bulls, as the named insureds, insuring them in the amount of $40,000 on a building occupied as a supermarket, real estate office and clothing store located at 359½ Althea Street, Tuskegee Institute, Alabama. Booker T. Washington Insurance Company, Inc. was named as the mortgagee loss payee in such policy.

On January 31, 1964, Transcontinental issued its fire insurance policy No. 1107467 to A. C. Bulls and Ethel Bulls, as the named insured, insuring them in

the like amount of $40,000 on the above-described building. Booker T. Washington Insurance Company, Inc. was named as the mortgagee loss payee in such policy.

On May 14, 1964, the insured building was severely damaged by fire. It was stipulated that the total amount of loss sustained by the insured building equaled the aggregate sum of $80,000. On February 19, 1965, a judgment was entered in favor of Booker T. Washington Insurance Company, Inc. against Transcontinental in the sum of $29,821.46, and against Monarch for a like amount. There remains due and unpaid under each of the above-described policies of fire insurance the sum of $10,178.54.

Both Transcontinental and Monarch contend that, except as to Booker T. Washington Insurance Company, Inc., its policy should be declared null and void because of the absence of any insurable interest owned by A. C. Bulls and Ethel S. Bulls in the insured building.

On or about July 29, 1938, A. C. Bulls and Ethel Bulls purchased the real estate upon which the insured building was situated. On July 25, 1958, A. C. Bulls and Ethel S. Bulls conveyed such real estate to Bulls Realty Company, Inc. Thereafter, on March 22, 1963, Bulls Realty Company, Inc. conveyed such real estate to ABC Supermarket, Inc., which occupied the insured building at the time of the fire damage.

The capital stock of ABC Supermarket, Inc., at the time of the fire damage was as follows:

| Name | No. of Shares | Percentage of Total Shares |
|------|---------------|----------------------------|
| A. C. Bulls | 1500 | 75% |
| Ethel S. Bulls | 166⅔ | 8⅓% |
| A. C. Bulls, Jr. | 166⅔ | 8⅓% |
| George S. Bulls | 166⅔ | 8⅓% |
| Total | 2,000 shares | 100% |

The stock of Bulls Realty Company, Inc., was owned in relatively the same proportions by the above-named individuals. The equitable interest of A. C. Bulls and Ethel S. Bulls as a stockholder in the corporate property of ABC Supermarket, Inc. clearly qualifies as an insurable interest under the law of Alabama. North British & Mercantile Ins. Co. v. Sciandra, 256 Ala. 409, 54 So.2d 764, 27 A.L.R.2d 1047.

The claims of cross-defendants to the balance of the proceeds due under each policy are as follows:

(1) second mortgage in the amount of $10,000 in favor of M. Lafayette Harris, of Atlanta, Georgia, properly recorded on July 24, 1958;

(2) tax liens in favor of the United States for withholding and corporate income taxes perfected by the filing of notice of lien on or before January 19, 1961, in the amount of $12,-405.69, exclusive of interest;

(3) promissory note dated March 4, 1964, executed by A. C. Bulls, Sr., A. C. Bulls, Jr. and George S. Bulls, in favor of Citizens Trust Company, Atlanta, Georgia, in the amount of $7,-631, secured by a pledge of shares of capital stock in the ABC Supermarket, Inc., executed by A. C. Bulls, Sr. on March 1, 1962, and an additional indebtedness owed by A. C. Bulls, Sr., to Citizens Trust Company represented by a dishonored check dated Feb-

**1008**

ruary 13, 1964, drawn on the account of ABC Supermarket by A. C. Bulls & Sons;

(4) lien of the Alabama Gas Company in the amount of $1,283.20 perfected on October 31, 1962, by the recordation of a chattel mortgage or conditional sales contract;

(5) the claim of American Employers Insurance. Company for the balance due on a note in the amount of $4500 assigned to it by Nolin Manufacturing Company which does not appear to be one on which recovery may be had under the case of Alabama Farm Bureau Mutual Ins. Serv. v. Nixon, 268 Ala. 271, 105 So.2d 643;

(6) claim of Southeastern Fidelity Fire Insurance Company in the sum of $2,102.65, due since June 26, 1963, arising from the failure of Bulls Realty Company, Inc. to remit to Southeastern premiums due on policies of insurance issued by Bulls Realty Company, Inc., as agent for Southeastern;

(7) various tax liens in favor of the United States perfected on and after July 26, 1962.

■■ It is quite apparent that the recorded mortgage in favor of M. Lafayette Harris is entitled to first priority to balances due under the two insurance policies. The total amount due thereon, including interest, is $11,599.67. Tax liens in favor of the United States, perfected on or before January 19, 1961, are entitled to second priority. The amount thereof, exclusive of interest, is $12,405.69. Since these two claims will exhaust the balance of the proceeds due under such policies, discussion of the remaining claims is pretermitted. The court holds that members of the Bulls family had an insurable interest in the insured building to the full amount of the insurance coverage and that neither Transcontinental nor Monarch is entitled to subrogation as prayed for.

■ In the exercise of its discretion the court denies the claim of Transcontinental and that of Monarch for the allowance of a reasonable attorney's fee.

In conformity with the foregoing memorandum opinion, embodying findings of fact and conclusions of law, an appropriate order will be entered herein.