214 So.2d 291

**A B C SUPERMARKET, INC., et al.**

**v.**

**AMERICAN EMPLOYERS INSURANCE COMPANY.**

**5 Div. 823.**

Supreme Court of Alabama.

Aug. 29, 1968.

Gray & Seay, Montgomery, for appellants.

Russell, Raymon & Russell, Tuskegee, for appellee.

LAWSON, Justice.

This is a suit on a promissory note brought in the Circuit Court of Macon County by American Employers Insurance Company, a corporation, against ABC Supermarket, Inc., A. C. Bulls and others as trustees of ABC Supermarket, Inc., a dissolved corporation.

The complaint contained one count, which reads:

"And the Plaintiff claims of the Defendants the sum of FOUR THOUSAND FIVE HUNDRED DOLLARS ($4,500) due by promissory note made by ABC Supermarket, Inc., a Corporation, on September 12, 1963, to Nolin Manufacturing Company, Inc., a Corporation, and payable on the 10th day of September, 1964, with interest thereon, which said note was duly assigned for valuable consideration to American Employers Insurance Company, a Corporation, on July 30, 1964, said note being duly assigned and endorsed to the Plaintiff before maturity.

"Plaintiff further claims the sum of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500) as a reasonable attorney's fee which the Defendants agreed to pay by virtue of a clause contained in said note."

The defendants filed what they denominated an answer to the complaint but which the trial court and the parties treated as constituting five separate pleas, which read:

"1. The Defendants saith that the obligation, the demand for the recovery of which this suit was brought had been paid prior to the commencement of this action.

"2. The Defendants affirmatively aver that the Plaintiff had notice of the equities existing between Defendants and the Plaintiff's assignor of the said note.

"3. The Defendants affirmatively aver that Plaintiff had notice of defect of title of its assignor of the said note.

"4. The Defendants affirmatively aver that the Plaintiff did not receive the said note in the ordinary course of business.

"5. The Defendants affirmatively aver the following: On July 8, 1958 and on September 26, 1958, respectively, Defendants [sic] ABC Supermarket, Inc., as conditional buyer, entered into separate conditional sales contracts for the purchase of certain chattels, with Nolin Manufacturing Company, Inc., as conditional seller under both contracts. Said contracts were filed for record in the Office of Judge of Probate of Macon County, Alabama prior to the execution of the subject note, and appear in the records of said Office respectively in Mortgage Book 268, at Page 458 and Mortgage Book 268, at Page 461. At all times pertinent hereto, the chattels remained on the premises of Defendant, ABC Supermarket.

"Each of the said contracts provided, in part:

" 'Buyer further agrees to keep said property insured, at Buyer's own expense, in the name of the holder hereof, against loss or damage by fire or theft, with insurance companies acceptable to the holder hereof for an amount not less than the amount owing hereunder, said policies to be delivered to the holder hereof, and if Buyer fails to so insure, the holder hereof shall have the right to do so at the Buyer's expense.'

"The Plaintiff issued policies of insurance against loss of said chattels. Thereafter on or about, to-wit, September 10, 1963, Defendant ABC Supermarket, executed the subject note with Plaintiff's assignor, Nolin Manufacturing Company, as payee thereof, which said note represented additional security for the payment of monies due under said contracts.

"The said chattels were destroyed by a fire which destroyed the entire plant of Defendant ABC Supermarket, on or about to-wit, May 14, 1964. Pursuant to the terms of the said insurance policies, Plaintiff paid Nolin Manufacturing Company for the loss of said chattels. On or about the time of said loss payment, and after the date of said fire, Nolin Manufacturing Company assigned and transferred the subject note to Plaintiff.

"The Defendants allege that in view of the foregoing, the said subject note was paid by payment of the insurance loss payment; that the Plaintiff had actual knowledge of the existence of the said contracts; that the Plaintiff knew that the subject note was additional security for the payment of the said contracts; that Plaintiff knew of the destruction of the entire plant of Defendant ABC Supermarket, prior to the time it was assigned the subject note."

The defendants demanded a trial by jury.

Plaintiff's demurrers to Pleas 2, 3 and 4 were sustained but demurrers to Pleas 1 and 5 were overruled.

Plaintiff filed replications as follows:

"1. For that the amount sued for has not been paid by the Defendant.

"2. For that the Plaintiff purchased the note sued upon from Nolin Manufacturing Company, Inc. for valuable consideration before maturity and without a notice of any equities, or defenses, between the defendants and Nolin Manufacturing Company.

"3. For that the payment to Nolin Manufacturing Company, Inc., was not on a policy issued to the defendants or issued under and by virtue of the clause contained in the conditional sales contracts referred to in Plea no. 5."

The defendants joined issue on the replications. Thereafter the defendants

filed a "Motion for Continuance" and a "Motion to Dismiss." Both of those motions were grounded on allegations to the effect that there was a similar action pending in the "United States District Court for the Northern District of Alabama, Southern Division, * * *" These motions were denied by the trial court. After the cause had been set for trial the defendants filed a "Renewal of Motion for Continuance" assigning the same grounds as in the original motion for continuance. The last filed motion for continuance was overruled.

The defendants' demand for a jury trial was apparently withdrawn, for the record shows that "THIS CAUSE came on to be heard before the HONORABLE L. J. TYNER, Presiding Judge, of the Fifth Judicial Circuit of Alabama, and without a Jury, * * *"

At the conclusion of the hearing the trial court rendered a judgment in favor of the plaintiff and against the defendants in the amount of $5,972.50, which amount included the face amount of the note sued on, interest and attorney's fees. The defendants were taxed with the costs.

After their motion for new trial was overruled, the defendants appealed to this court.

We will consider those assignments of error which are adequately argued in brief of appellants in the order in which they are argued in that brief.

■ Assignment of Error No. 4 reads: "The Court erred in overruling Appellants' Motion to Dismiss and Motion to Continue." There is no merit in this assignment of error. Pendency of a former suit for the same cause of action can be availed of as a defense only by plea in abatement. Holley v. Younge, 27 Ala. 203; Herrington v. City of Eufaula, 36 Ala.App. 348, 55 So.2d 758. See Strother v. McCord, 222 Ala. 450, 132 So. 717; Logan v. O'Barr, 271 Ala. 94, 122

So.2d 376. It would be without benefit to appellants if we ignored the captions of the two motions presently under consideration and treated those motions as efforts on the part of counsel to plead in abatement, because neither motion is verified. Where the facts averred in a plea in abatement do not appear on the record, the plea must be verified. § 226, Title 7, Code 1940; Hart v. Turk, 15 Ala. 675; Hall v. Wallace, 25 Ala. 438; Moore Bros. v. Cowan, 173 Ala. 536, 55 So. 903; Dupuy v. Wright, 7 Ala. App. 238, 60 So. 997.

■ Moreover, if the said motions be considered as pleas in abatement they were filed too late. W. S. Fowler Rental Equipment Co. v. Skipper, 276 Ala. 593, 165 So.2d 375.

It is interesting to note that one of the exhibits to the first motion to dismiss is a memorandum which was filed in the Federal court proceeding and which was signed by the attorneys who represent appellants on this appeal, wherein appears the following language:

"1. American Employers Insurance Company-Nolin Manfacturing Co. *This claimant has filed a suit in the Circuit Court of Macon County, Alabama.* Copies of the pleading in that case is a part of the record in this case. All of the parties are before the Court, the Court has jurisdiction of the subject matter and the Claimant has filed a claim herein, this Court should precede [sic] to decide this claim. *By the Claimant having filed its claim in this Court, it amounts to an abandonment of its suit pending in the Circuit Court of Macon County, Alabama.*" (Emphasis supplied)

So it appears that counsel for appellant took the position in the Federal court that the instant suit was filed in Macon County prior to the time the claim against the appellants was filed in the Federal court.

What has been said in regard to appellants' Assignment of Error No. 4 disposes

of their Assignment of Error No. 5, which is to the effect that the trial court erred in overruling appellants' "Renewal of Motion for Continuance" and of Assignment of Error No. 9 which reads: "The Court erred in proceeding to hear this cause after it had been notified that its jurisdiction had been pre-empted by a concurrent court having obtained prior jurisdiction over the parties and the subject matter."

■ Appellants argue Assignment of Error No. 6, which reads: "So much of the Court's order that sustained Appellee's demurrer to Pleas 2, 3 and 4 was error." In order for an assignment of error so drawn to avail, there must have been error in sustaining demurrer to each of the three pleas mentioned in the assignment of error. If one of the pleas was subject to the demurrer interposed, then Assignment of Error No. 6 is inefficacious.—Sovereign Camp, W.O.W. v. Adams, 204 Ala. 667, 86 So. 737. See Middleton v. Western Union Telegraph Co., 197 Ala. 243, 72 So. 548; Beason v. Sovereign Camp, W.O.W., 208 Ala. 276, 94 So. 123; Bryan v. Day, 228 Ala. 91, 151 So. 854; United Insurance Co. of America v. Pounders, 279 Ala. 410, 186 So.2d 125.

■ All other considerations aside, it is sufficient to say that Assignment of Error No. 6 does not show cause for reversal, in view of the holdings in the cases last cited above, in that Plea 3 in so far as it averred, in effect, that the party who transferred the note to plaintiff had no title, falls within the class of pleas which must be verified, which was not done. § 275, Title 7, Code 1940; Lawrence v. Tennessee Valley Bank, 224 Ala. 692, 141 So. 664.

Appellants' Assignment of Error No. 1 is to the effect that the trial court erred to a reversal in admitting into evidence the promissory note, the basis of this lawsuit, which was executed by ABC Supermarket, Inc., on September 10, 1963, payable to Nolin Manufacturing Company, Inc., on September 10, 1964.

The note bears the following endorsement:

"On payment of balance of $4,500.00 by the American Employers Insurance Company, this note is hereby assigned to the said Insurance Company.

Nolin Manufacturing Co., Inc.

By: Mrs. C. G. Conner

Personally appeared before me this day 30th of July, 1964

Kathleen W. Barganier
Notary Public

My Commission expires
Nov. 28, 1965."

The contention of appellants is that "the purported endorsement of the subject note by 'Mrs. C. G. Connor' [sic] is a nullity, as the capacity of the signer to bind the corporation; i. e., the purported Assignor, was not indicated. The formal requisites required for conveyances of property by corporations are clearly set forth in Code of Ala., Title 47, Sec. 106. Pertinent here is the clause requiring that such conveyance 'purports on its face to have been executed in the name of the corporation, by any person as its president, vice president, or secretary and attested or acknowledged.' Such was not done here."

We do not agree with this contention. Section 375, Title 7, Code 1940, reads:

"Every written instrument, the foundation of the suit, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence without proof of the execution, unless the execution thereof is denied by plea verified by affidavit; and every assignment of such instrument, on which suit is brought in the name of the assignee, must be deemed genuine, unless impeached in like manner, when, in either case, the burden of proof is cast on the plaintiff."

■ The complaint alleges the execution of the note by ABC Supermarket, a corpora-

tion, and that said note was duly assigned for valuable consideration to the plaintiff. There was no plea of *non est factum* or a plea denying plaintiff's ownership of the note sued upon. The execution, assignment and ownership were therefore not in issue and the note was properly received in evidence without proof of its execution or proof of the assignment. Sheffield Chamber of Commerce v. Hatch, 223 Ala. 237, 135 So. 165. See Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122, 145 So. 464; Shell Petroleum Corp. v. Bruce, 230 Ala. 207, 160 So. 527; Carter v. Long, 125 Ala. 280, 28 So. 74.

Under the circumstances here presented, we do not see how the provisions of § 106, Title 47, Code 1940, have any application.

Assignments of Error No. 2 and No. 3 read:

"2. The Court erred in rendering judgment for Appellee on insufficient evidence.

"3. The Court erred in rendering judgment for Appellee where Appellee had not made out a prima facie case."

The only argument advanced in support of those assignments is that made in support of appellants' Assignment of Error No. 1, which we have held to be without merit. So we hold that Assignments of Error No. 2 and No. 3 do not show cause for reversal.

■ Assignment of Error No. 7 reads: "The Court erred in overruling Appellant's [sic] Motion for a new trial." We have said that a general assignment of error on appeal grounded on the refusal of the trial court to grant a motion for a new trial is sufficient to invite a review of the ruling on the basis of any ground well stated in the motion and properly argued by appellant; that is, when the motion for new trial is sufficient to specify the precise error alleged to have occurred, a general assignment of error on appeal for refusing the

motion is sufficient to bring up for review those matters so precisely set out in the motion. Grimes v. Jackson, 263 Ala. 22, 82 So. 2d 315. Cf. Matthews v. Maynard, 274 Ala. 330, 148 So.2d 629. In Chattahoochee Valley Ry. Co. v. Williams, 267 Ala. 464, 103 So.2d 762, we said: "Grounds of the motion not argued in brief, however, will not be considered on appeal."

■ We have read with care "Section VII" of appellants' brief, which contains the argument made in support of Assignment of Error No. 7, and we are unable to relate the argument to any specific ground of the motion for new trial and there is no mention of any specific ground of the motion in that section of the brief. We hold, therefore, that Assignment of Error No. 7 presents nothing for our consideration. Chattahoochee Valley Ry. Co. v. Williams, supra.

Assignment of Error No. 11 is to the effect that the judgment of the trial court is contrary to the law and the evidence in that appellee at the time it paid the $4,500 note to Nolin after the fire and obtained the assignment from Nolin, had actual knowledge of the execution of the so-called conditional sales contracts and of the $4,500 note executed by ABC Supermarket, Inc., and had access to all of the records, "conditional sales contracts, notes and books" of Nolin, and consequently appellee is not entitled to recover against appellants as a result of the assignment of the note. This position is contrary to that taken by counsel for appellants in the proceedings in the Federal court to which we have heretofore alluded. Included in the record on this appeal is a "Stipulation of Fact Relating to Claim of American Employers Insurance Company," which stipulation counsel for appellants made an exhibit to their motion to dismiss. The concluding paragraph of that stipulation, which was signed by a member of the firm which represents appellants on this appeal, reads as follows:

"It is further stipulated that American Employers Insurance Company has succeeded to and is subrogated to the rights of Nolin Manufacturing Company under the terms and conditions contained in the Conditional Sales Contracts for the balance due as represented by the note in the amount of $4,500.00 duly assigned to

American Employers Insurance Company by Nolin Manufacturing Company."

The evidence adduced at the trial below was in substance as hereafter summarized:

Nolin Manufacturing Company, Inc., a corporation, hereinafter referred to as Nolin, sold certain store equipment to A. C. Bulls for the sum of $42,526 under two instruments which bear the caption "Contract of Conditional Sale" and which are referred to by the parties as conditional sales contracts, but which under our holding in Bern v. Rosen, 259 Ala. 292, 66 So.2d 711, are chattel mortgages and subject to recordation under the provisions of § 123, Title 47, Code 1940, in that the said instruments contained not only the usual conditional sale clause retaining title to the property until the full amount of the debt shall have been paid, but also the customary mortgage clause authorizing the vendor in case of default in the payment of the obligation to repossess the property, resell it and hold the vendee liable for any deficiency in the debt.

One of those instruments was dated July 8, 1958, for $32,295 and one was dated September 26, 1958, for $10,231, which instruments, as indicated above, covered certain store equipment turned over to and used by ABC Supermarket, Inc. Said instruments were sold by Nolin with recourse. Subsequent to the transfer the purchaser of the equipment became in arrears in payments and Nolin was required to purchase the instruments back for $15,000, the balance then due. On September 13, 1963, Nolin was still due the sum of $15,000 under the said instruments. On that date the following agreement was executed:

"AGREEMENT

"STATE OF ALABAMA
MONTGOMERY COUNTY

"Received of A B C Supermarket, Inc., the sum of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS to be applied on the indebtedness to us as shown by mortgages of record in Mortgage Book 268, Page 461, and Mortgage Book 268, Page 458, in the Probate Office of Macon County, Alabama, together with a promissory note for FOUR THOUSAND FIVE HUNDRED AND NO/100 ($4,500.00) DOLLARS bearing six percent interest from date said principal and interest to be paid within one year from date.

"Upon the full payment of the above stipulated amounts within the time stated, we agree to cancel the full indebtedness as shown by said referred to mortgages. If not paid within the said stipulated time, said mortgages are to remain in full force and effected [sic].

"Dated this 13th day of September, 1963.

NOLIN MANUFACTURING COMPANY

By /S/ Mrs. C. G. Conner

Attest

/S/ S Nussbaum

/S/ Mrs. J. H. Rudd"

The note referred to in the agreement last set out above, the subject of this suit, had actually been executed on September 10, 1963. Before the note became due, and on May 14, 1964, the building occupied by ABC Supermarket, Inc., and all of the equipment located therein, including that furnished by Nolin, was totally destroyed by fire.

Thereafter, on July 30, 1964, the appellee, American Employers Insurance Company, a corporation, paid to Nolin Manufacturing Company the sum of $4,500, the

amount owed by ABC Supermarket, Inc., to Nolin as evidenced by the note executed on September 10, 1963, and on the same date, July 30, 1964, Nolin assigned the said note to appellee. This payment by appellee to Nolin was made in accordance with its obligation under a so-called floater insurance policy which appellee had issued to Nolin covering "all risks of physical loss or damage from any external causes except as hereinafter excluded." Loss by fire was not among the exclusions.

The so-called conditional sales contracts provided that "title to and ownership of said property is to remain in the holder hereof [Nolin] until all of said purchase price, etc., are fully paid in cash * * *" and the said so-called conditional sales contracts contained the provision to the effect that the "buyer" was to be responsible for all losses or damage to said property by fire, theft, etc. and contained the further provision that the buyer was to keep the property insured against fire and other losses at the expense of ABC Supermarket, Inc., and that if the latter failed to so insure, Nolin had the right to insure at the expense of ABC Supermarket, Inc.

The record here is silent as to whether ABC Supermarket, Inc., complied with its obligation to obtain insurance.

But the record does show that Nolin did not call on ABC Supermarket, Inc., for payment of the premium on the policy issued to it by appellee, which policy was obtained by Nolin for its "business protection against everything." The policy did not cover the "particular description of any personal property at all." It was obtained by Nolin to cover unpaid balances on its books and was not taken out under any provision of any contract with any of Nolin's debtors. The premiums paid by Nolin to appellee were not charged to the account of any of the buyers of equipment from Nolin.

The testimony of Stanley Nussbaum, the credit manager of Nolin, who was called as a witness by appellant, shows beyond

peradventure that payment of the $4,500 by appellee insurance company extinguished the indebtedness owed Nolin by ABC Supermarket.

The appellants place great reliance upon our holding in Alabama Farm Bureau Mutual Insurance Service, Inc. v. Nixon, 268 Ala. 271, 105 So.2d 643. And the distinguished Chief Judge of the United States District Court, Northern District of Alabama, apparently entertained the view that our holding in the *Nixon* case would have prevented appellee here, American Employers Insurance Company, Inc., from having its claim paid which was filed in the case of Booker T. Washington Insurance Company, Inc. v. Transcontinental Insurance Company and Booker T. Washington Insurance Company, Inc. v. Monarch Insurance Company of Ohio, D.C., 263 F. Supp. 1005, even if the funds available for distribution had not been exhausted by the payment of claims having priority. The *Booker T. Washington Insurance Company* case, supra, is the federal proceeding to which we have previously referred in this opinion.

We concede that the *Nixon* case contains language which tends to support the position of appellants in that it holds in effect that a vendor made whole for loss of his security interest, upon receipt of fire insurance money, has no valid claim against the purchaser for balance of the purchase price and hence there is no right to which the insurance company which paid the vendor's claim can be subrogated.

We take note of the fact that in the *Nixon* case it was said: "No decision in this state has been called to our attention which in our judgment determines the exact question here presented." We do not feel it necessary in this case to hold that the statement last quoted is incorrect as applied to the facts presented in the *Nixon* case.

However, the rule which prevailed prior to the *Nixon* case is stated in an article entitled "Insurer's Right to Subrogation in

Alabama." 5 Alabama Law Review, pp. 276, 280, as follows:

"Where an insurance policy is issued upon the interest of a mortgagee and in no way accrues to the benefit of the mortgagor, the insurer upon payment of the policy becomes subrogated to the rights of the mortgagee as against the mortgagor. * * *"

The author of that article in support of the statement just quoted cites the case of Hackett v. Cash, 196 Ala. 403, 72 So. 52, the sixth headnote of which reads:

"Where a policy of fire insurance is upon the interest of the mortgagee, and does not accrue to the benefit of the mortgagor, the insurance company has a right to pay the mortgage and take an assignment or to become subrogated to the right of the mortgagee in case there is no assignment."

In Tarrant Land Co. v. Palmetto Fire Ins. Co., 220 Ala. 428, 430, 125 So. 807, 809, we said:

"Where the interest of the mortgagee is separately insured for his own benefit and at his own expense, and a loss occurs before payment of the mortgage, the insurer in paying the mortgagee is entitled to an assignment as a subrogee, and may enforce the mortgage against the mortgagor. 7 Cooley's Briefs on Ins. (2d Ed.) p. 6716; 26 C.J. 461."

In Pacific National Fire Ins. Co. v. Watts, 266 Ala. 606, 97 So.2d 797, that part of the opinion which we have quoted from Tarrant Land Co. v. Palmetto Fire Ins. Co., supra, was quoted with approval, along with other language contained in that case.

It is to be observed that the opinion in the *Nixon* case contains the following statement:

"* * * Furthermore as we pointed out earlier in the opinion, subrogation is not a matter of right but may be applied only by the court in the interest of jus-

tice and each particular case must stand or fall on its own facts. We do not think that subrogation should be applied." (268 Ala. 277, 105 So.2d 648.)

 This suit was not brought in equity and we are not dealing strictly with the principles of subrogation. In this case the plaintiff has sued in assumpsit on a promissory note, as was the situation in the case of Hackett v. Cash, supra, where the plaintiff brought suit in assumpsit seeking to recover on fourteen promissory notes. It is our view that despite the language in the *Nixon* case, supra, the trial court correctly rendered judgment in favor of the plaintiff below, the appellee here, under our holding in Hackett v. Cash, supra.

Finding no reversible error in any of the argued assignments of error, we hold that the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.