239 So.2d 747

**Fred BENSON et al.**

**v.**

**CITY OF SCOTTSBORO, Alabama, et al.**

**8 Div. 388.**

Supreme Court of Alabama.

Sept. 24, 1970.

Corretti, Newsom, Rogers & May, Birmingham, Harold T. Foster, Scottsboro, and William E. Garner, Ozark, for appellants.

Joseph A. Lee, Scottsboro, for appellee City of Scottsboro.

Dawson, McGinty & Livingston, Scottsboro, for appellee James L. Steenhuis, Jr.

LAWSON, Justice.

This is an appeal from a decree of the Circuit Court of Jackson County, in Equity, sustaining pleas in abatement and dismissing the bill.

On August 26, 1968, the City of Scottsboro adopted its ordinance No. 76, which changed the zoning of certain described land within the City of Scottsboro from AG–2 (Agricultural) to B–3 (Business).

The appellants in this case, on October 31, 1968, filed a petition for declaratory judgment on the law side of the Circuit Court of Jackson County against the City of Scottsboro, James L. Steenhuis, Jr., the owner of the land affected by the rezoning, and two other individuals and a corporation which had collateral interests in the property.

The plaintiffs in the suit at law averred that they owned and lived on property adjacent to or in the immediate vicinity of the rezoned property. They averred that said ordinance No. 76 was invalid on several grounds and prayed that the court render a declaratory judgment declaring that said ordinance is null, void and of no force and effect.

On September 2, 1969, the same individuals who were plaintiffs in the suit at law filed a petition for a declaratory judgment on the equity side of the Circuit Court of Jackson County against the City of Scottsboro, Alabama, and James L. Steenhuis, Jr. The petition, like that filed on the law side, alleged the enactment of ordinance No. 76 by the City of Scottsboro, alleged the invalidity of that ordinance and the interests of the complainants in having the ordinance declared invalid and in the other relief for which complainants prayed. In pertinent part the bill for declaratory judgment filed on the equity side prayed: That ordinance No. 76 be declared null, void and unconstitutional; that the City of Scottsboro be required to show on its maps that the land involved in the litigation was not a B–3 business district; that the City of Scottsboro be enjoined from issuing a building permit to the respondent Steenhuis for improvements of a business nature on the subject property; that the City of Scottsboro be permanently enjoined from allowing the development of the subject property for the uses permitted under ordinance No. 76.

Both respondents filed pleas in abatement to the petition for declaratory judgment filed on the equity side, averring pendency

of the petition for declaratory judgment previously filed on the law side involving substantially the same parties and the same subject matter.

As heretofore shown, those pleas were sustained and the petition dismissed. Hence this appeal by the complainants below.

Section 146, Title 7, Code 1940, reads:

"No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause of action and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

■ The pendency of a former suit for the same cause of action and against the same party can be availed of as a defense only by plea in abatement. A. B. C. Supermarket, Inc., v. American Employers Ins. Co., 283 Ala. 13, 214 So.2d 291; Holley v. Younge, 27 Ala. 203; Herrington v. City of Eufaula, 36 Ala.App. 348, 55 So.2d 758.

■ We see no reason why a determination of the validity of ordinance No. 76 in the first suit, that filed on the law side, will not settle all questions between the parties. If the ordinance is declared to be invalid, no injunctive relief is needed, for the subject property would then revert to its former status, which does not authorize the uses permitted by ordinance No. 76. Should unauthorized use then be attempted, adequate remedy would be readily available. We cannot anticipate that the City of Scottsboro would be a party to an unauthorized or unlawful use. The fact that a new ordinance was adopted to authorize a new and different use, rather than to permit such use without official action, shows respect rather than disregard for existing ordinances. By the same reasoning, we cannot assume that the City of Scottsboro will not revise its maps to show the correct zoning status of the subject property if ordinance No. 76 is declared invalid.

If said ordinance No. 76 is declared valid in the first suit, then the complainants in the second suit would not be entitled to any of the supplementary relief for which they pray.

We are of the opinion that the trial court correctly sustained the pleas in abatement and dismissed the petition or bill for declaratory judgment filed on the equity side.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.