294 So.2d 165

**James W. LAIRD and Nolan Laird**

**v.**

**JOHN DEERE COMPANY.**

**Civ. 301, 301 X.**

Court of Civil Appeals of Alabama.

May 8, 1974.

Albrittons & Rankin, Andalusia, Ball & Ball, Montgomery, for appellee and cross-appellant.

Powell & Sikes, Andalusia, for appellants.

WRIGHT, Presiding Judge.

This is an appeal from a judgment against defendants in a suit on a time sale contract and note with a cross-appeal by plaintiff from judgments on pleas of recoupment in favor of defendants.

Suit was filed by plaintiff John Deere Company as assignee of a Time Sale Agreement and note executed by defendants Laird on October 1, 1966, and payable to Royce Hooten Equipment Company in annual installments. The complaint avers that the note was endorsed and assigned to plaintiff.

To the complaint, defendants each filed pleas in recoupment seeking damages for breach of an implied warranty as to merchantability and fitness.

To the pleas of recoupment, plaintiffs replied that the actions by way of recoupment were res judicata for a prior action had been filed by defendants against plaintiff for breach of implied warranty; that said action arose out of the same transaction; that all of the matters alleged in the pleas of recoupment had been adjudicated to a judgment rendered upon a jury verdict in favor of plaintiff John Deere Company. Said judgment was entered prior to the beginning of suit in the instant case.

For further answer to the complaint, defendants pleaded the general issue, not guilty and failure of consideration.

For further replication, plaintiff said that it was a holder in due course having purchased the note prior to maturity and without notice of any defense of defendants against the payee; that there was no privity of contract between plaintiffs and defendant necessary to support an action of implied warranty; that by the terms of the contract of sale there was expressly excluded any express implied warranty by the manufacturer John Deere Company of merchantability and fitness.

Defendants denied and joined issue on plaintiff's various replications or answers to their pleas of recoupment.

Upon trial without a jury, the court rendered judgment for plaintiff against the defendants for the unpaid balance of the note and contract, computing interest thereon at 6% from date of maturity, together with an attorney fee. It further rendered judgment for each defendant on his plea of recoupment in the amount of $1000, with cost of the plea.

From the judgment for plaintiff defendants appeal. From the judgments on the pleas of recoupment, plaintiff appeals by cross-assignment of error.

The evidence by plaintiff tended to show that on October 1, 1966, defendants purchased from Royce Hooten Equipment Company a grain combine for a price of $11,732.00. Down payment was for $3,519.60, with a time balance of $9,619.62. The balance was payable in three annual installments of $3,206.54. The Time Sale Agreement and note, with warranty exclusion and assignment were all on the front and back of a single sheet of paper. This document was entered in evidence without objection other than that it appeared to have been altered or changed. The assignment to plaintiff appears thereon and was executed by payee to plaintiff on October 1, 1966.

Defendants did not deny the purchase of the machine nor execution of the contract and note. Their evidence was to the failure of the machine to perform and function. The testimony as to the fitness of the machine for the use purchased was objected to on the various grounds of plaintiffs' replication to the pleas of recoupment. These objections were overruled by the court and plaintiffs were given a continuing objection to such testimony. We

find no need to itemize the various malfunctions of the machine presented by the defendants. It is sufficient to say that such testimony strongly supported a case of failure of merchantability and fitness for the use purchased, though we must observe that various repairs and attempted corrections of problems were admittedly made by the Royce Hooten Equipment Company over a period of two years without charge.

Appellants have charged as error the rendering of judgment for the plaintiff. In argument they present two contentions or propositions. The first is that judgment could not be rendered for plaintiff because plaintiff failed to prove assignment of the note and contract upon which suit was brought.

■ This contention is untenable in this case. Plaintiffs alleged in the complaint that it was the owner of the note sued upon by virtue of endorsement by the payee. Defendants filed no plea of non-est factum nor denial of plaintiff's ownership of the note. The execution, assignment and ownership were therefore not in issue. The document designated as the Time Sale Agreement comprised one sheet front and back. The assignment was on the sheet introduced. There was no proper objection to any part of the document, including the assignment. Since there had been no plea attacking the validity of the assignment no proper objection could have been interposed. We consider the assignment a part of the document introduced Title 7, Section, 375, Code of Alabama 1940. Sheffield Chamber of Commerce v. Hatch, 223 Ala. 237, 135 So. 165; ABC Supermarket, Inc. v. American Employees Ins. Co., 283 Ala. 13, 214 So.2d 291.

■ The second contention of appellants is that the judgment is excessive because the machine sold defendants was a "lemon." We are not able to follow this argument under the circumstances of the case. If plaintiff was entitled to a judgment, and we conclude that it was, it was due a judgment for the unpaid balance of the note, together with interest and a reasonable attorney fee.

There is no basis for claim of excessiveness of the judgment on the note because of the alleged breach of warranty. Damages for such breach was the subject of the pleas in recoupment.

Appellants' remaining assignment of error charges inadequacy of the judgment on the pleas of recoupment. We find this assignment to be moot in view of our decision, to be presently discussed, that the pleas of recoupment were improperly before the court and the judgments thereon must be reversed.

### Cross-Appeal

■ Appellee files cross-assignments of error. The first we consider is that the judgment for plaintiff is incorrect in amount, for that the court in figuring interest used a rate of 6% rather than the amount of 8% as provided by the note.

Cross-appellant is correct that the note and agreement provides for the maximum rate of interest allowed by law upon the unpaid balance in event of default. The maximum rate of interest in this state on a written contract is 8%. Title 9, Section 60, Code of Alabama 1940. The amount in default as of October 1, 1968 was $6,413.-08. Interest on such amount at 8% from October 1, 1968 to August 1, 1973 (approximate date of judgment) is $2,351.31. The sum of principal and interest is $8,764.39. The sum of $960 attorney fee added thereto brings the total amount to $9724.32. The judgment of the trial court should have been in such amount. We therefore render judgment for plaintiff and against the defendants for $9,724.32.

■ Cross-appellant next contends error in the trial court's judgments on the pleas of recoupment for several reasons. It first contends that such judgments are erroneous because such pleas were withdrawn

prior to trial and were thus not before the court.

The trial began on October 12, 1972. At its beginning there appears in the record a conversation between counsel and the court in which it is stated that it is understood the pleas of recoupment were out. The trial was not finally completed until November 16, 1972. On that date plaintiff filed amended replication to defendants' pleas of recoupment. The court entered its judgment on August 3, 1973. In view of the replication filed by plaintiff, the fact that testimony in support of the pleas of recoupment is extensive in the record and that the court rendered judgment on the pleas, we are bound to conclude that such pleas were properly before the court.

■ Cross-appellant further says that in defense of the recoupment pleas he pleaded the statutory defense of a holder in due course. Issue was joined on such plea by plaintiffs in recoupment. Such plea was proved. Therefore the provisions of Title 39, Section 59, Code of Alabama 1940 apply. We agree.

Title 39, Section 59 in pertinent part is as follows:

"A holder in due course holds the instrument free from . . . defenses available to prior parties among themselves and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

That plaintiff was a holder in due course of a negotiable instrument as defined by Title 39, Section 59 of the Code was shown by the undisputed evidence. The defense of implied warranty of merchantability and fitness for use purchased in this case was available only as against the seller. Such defense was not available against a holder in due course of the instrument purchased prior to maturity without knowledge or notice. Title 39, Section 59, Code of Alabama 1940.

■ We have said the defense of implied warranty of merchantability and fitness for use purchased was available in this case only against the seller. We so stated because the doctrine of privity of contract remains in effect in this state when an action for breach of implied warranty is founded upon a contract and is for property or pecuniary loss. Cotton v. John Deere Plow Co., 246 Ala. 36, 18 So.2d 727; Blitzstein v. Ford Motor Co., 5 Cir., 288 F.2d 738.

The other contentions of cross-appellant relative to error in rendering judgment on the pleas of recoupment are that such pleas were res judicata and that there was exclusion of an implied warranty of fitness by the express terms of the contract. As we have concluded that entry of the judgments was error for other reasons, we pretermit discussion of such contentions.

For error assigned by cross-appellant, the judgment of the court in favor of plaintiff is reversed and rendered. The judgments of the court on the pleas of recoupment are reversed and set aside and judgment here rendered on said pleas in favor of John Deere Company and against the defendants separately and severally.

Reversed and rendered.

BRADLEY and HOLMES, JJ., concur.